## STEWART *v.* METROPOLITAN EL. RY. Co.

*(Superior Court of New York City, General Term.   December, 1888.)*

HIGHWAYS—OWNERSHIP OF FEE—PRESUMPTION.

In the absence of evidence to the contrary, the presumption is that the owners of lots abutting on a public street own the fee of the street.

Appeal from jury term.

Action by Emily Stewart against the Metropolitan Elevated Railway Company to recover damages (loss of rental value) for an alleged obstruction to land of which plaintiff claimed to own the fee, the same being a part of Fifty-Third street in the city of New York.   Judgment for plaintiff, and defendant appeals.

Argued before FREEDMAN and INGRAHAM, JJ.

*Davies & Rapallo,* for appellant.   *Henry H. Man,* for respondent.

INGRAHAM, J.   The case on appeal contains a statement that "the case is conceded to contain the substance of the testimony offered by either side upon the trial of this action."   Plaintiff testified that she was the owner of and resided in the house in question, fronting on Fifty-Third street, and being 18 feet, 9 inches, in width on the street.   The fact of ownership, and that the premises abutted on the street, must be presumed to have been proved by competent evidence.   A photograph of the house in question was received in evidence, but is not printed with the case.   There is no evidence to show how Fifty-Third street in front of the premises in question was opened as a street, or as to the ownership of the fee of the street.   The abutting owners were therefore presumed to own the fee of the street.   See *Wager* v. *Railroad Co.*, 25 N. Y. 529, where SMITH, J., in delivering the opinion of the court, says: "It is an established inference of the common law that the proprietors of the land adjoining a public highway are the owners of the fee of said highway; that the rights of the public therein and thereto are no higher or other than those of a mere easement; and that the proprietors on each side presumptively own the soil in fee to the center of the highway.   There is no distinction in this respect between the streets of a city and highway in the country."   The plaintiff being presumed to be the owner of the fee of Fifty-Third street, the erection of the defendant's structure on the street was an encroachment upon her freehold, and a trespass.   *Wager* v. *Railroad Co., supra.* It was therefore no error to deny the motion of the defendant to dismiss the complaint, and the motion to direct a verdict for nominal damages only.   As the only exceptions that appear in the case are the exceptions to these rulings,

no other question is presented.    The judgment should therefore be affirmed, with costs.

FREEDMAN, J. concurred.