. By the Court.—Ingraham, J.
The action is for trespass. The complaint alleges that one Richard Mortimer, deceased, was in his lifetime and since November 1, 1858, the owner in fee of the plot of land at the corner of Division street and the Bowery, 69 feet 7 inches on the Bowery and 94 feet on Division street, in the city of New York, and that said Richard Mortimer was from the date of his purchase of said property seized of and owned the land included in the bed of said Bowery and the said Division street to the centre of said streets respectively.
These allegations are denied by the answer, but as all the testimony was not inserted in the case, it must be presumed that they were proved, and that said Richard Mortimer was -the owner of the fee of one-half the streets in front of his premises.
The complaint then alleges that said Richard Morti *516 mer died, on the 30 th day of May, seized and possessed of said premises, leaving a last will and testament, by which he devised the said premises to the plaintiffs, as trustees, and that by virtue of said will these plaintiffs have succeeded to and- now are seized and possessed of all the rights in and to the said land and premises, and in and to the lands in the bed of said Bowery and Division street to the centre thereof respectively, of which said Richard Mortimer died seized and possessed.
The will of Richard Mortimer was introduced in evidence. It appears, therefore, that since the death of Richard Mortimer, the plaintiffs have been the owners in fee of the property described in the complaint, including the fee of one half of the Bowery and Division street.
Richard Mortimer on the 15th of May, 1880, leased the property known as Numbers, 1, 3, 5-, and 7 Bowery, and Numbers 2, 4, 6, and 8 Division street to one Robert G. Gregg for a term to end the 1st of May, 1885, and the said Gregg entered on the said lease and remained in possession of the demised premises until the expiration of the time.
Richard Mortimer died May 30, 1882, when the lease had nearly three years to run.
The action was brought to recover the damages sustained by the trespass from the 30th of May, 1882, to the commencement of the action.
The jury found the damages caused by the trespass for the period from June 1, 1882, to May 1, 1885, to be $14,653.80, and from May 1, 1885, to July 28, 1886, to be $5,875.20. The defendant moved to set aside the verdict for $ 14,653.80, on the ground that the plaintiffs could not recover for the injury to the rental value from June 1, 1882, to May, 1885, when the term demised that was outstanding at the testator’s death on May 31, 1882, expired. That motion was granted by the trial judge, and *517 from the order entered thereon plaintiffs appeal.
No opinion was written on granting the motion, and we have not the benefit of the views of the trial judge. The respondent, however, relies on the rule that possession is necessary to sustain an action for trespass, and that the plaintiffs were not in possession of the premises upon which the trespass was committed until May 1,1885. This objection, if well founded, affects the recovery for the second period from May 1, 1885, to the commencement of the action, and is fatal to plaintiffs’ right to recover in the action at all.
The premises were leased at the time of the commencement of the action, and the plaintiffs were no more in possession after they made the lease in 1885 than they were during the pendency of the old lease.
At common law, to sustain an action for trespass quare clausum fregit, there must be a possession in fact of the real property to which the injury was done—the owner of the fee could not, therefore, maintain an action fór a trespass upon demised premises in the possession of a tenant.' Campbell v. Arnold, 1 John, 512. This rule was, however, subsequently changed by statute, and the provision now in force as section 1665 of the Code passed. It is there provided that “ a person seized of an estate in remainder or reversion, may maintain an action founded upon an injury done to the inheritance, notwithstanding any intervening estate for life or for years.” Assuming that the premises upon which the trespass was committed were demised to and were in the possession of the tenant, plaintiffs were within the provision of this section of the Code, they were seized of an estate in reversion, and they could, therefore, maintain an action founded upon “ an injury done to the inheritance,” notwithstanding the intervening estate for years.
*518 The only question is whether the trespass committed by the defendant was an injury “ to the inheritance.”
By the Revised Statutes the word “ inheritance ” is defined to mean real estate, and real estate “ shall be construed to include every estate, interest and right, legal and equitable in lands, tenements and hereditaments, except suchas are determined and extinguished by the death of an intestate seized and possessed thereof and except leases for years and estates for the life of another person.” 1 Rev. Stat., p.754, § 27. Andin the Story Case, 90 N. Y. 147, it was held, that the easement there described was property, and its owner is “a person having an estate or interest in real estate.”
It follows from this that any injury to this easement would be an injury to the “ inheritance ” which would entitle the owner of the easement to maintain an action founded upon that injury. But the interest of the plaintiffs was not limited to an easement in the street. They owned the street subject to the easement vested in the public to use it as a public street. It is so alleged in the complaint, and we must assume it was so proved on the trial. But if-this is not so, there being no evidence to show how the Bowery and Division street were opened or as to the ownership of the fee of the streets, the abutting owners are presumed to own the fee of the street. Stewart v. Metropolitan El. Ry. Co., 56 Super. Ct. 381.
The trespass was not, therefore, to the easement but to the fee of the streets of which the plaintiffs were seized.
It is well settled in this state that an action for trespass can be maintained by the owners of the land through which the road passes for an appropriation of the soil of the road. Gidney v. Earl, 12 Wend. 98 ; Cortelyou v. Van Brundt, 2 Johns, 357.
*519 That erecting and maintaining a structure like that of the defendant’s on the lands of another is an injury to the lands and is a trespass upon the land, has been determined in the action brought by .the same plaintiffs, as executors, to recover for damages sustained by the testator in his lifetime. See 54 Super. Ct. 322, affirmed by the court of appeals, 113 N. Y. 626. I think it is clear, therefore, that the trespass committed by the defendant was an injury to the “ inheritance,” and that, under the provisions of section 1665, the plaintiffs were entitled to recover for the damages caused by the trespass.
But I do not think the tenant, under the lease of May 15, 1880, was even in possession of the property upon which the trespass was committed. Richard Mortimer was the owner of the property, and of the fee of one half of the streets at the time the lease was made. For several years before that time the elevated railroad had appropriated the street in front of his premises for the purpose of a railroad. That •being the condition of affairs, Richard Mortimer leased to Gregg “ the property known as Numbers 1, 3, 5 and 7, Bowery, and 2, 4, 6 and 8, Division street, being the same premises very recently occupied by the party of the second part.”
It is clear that this would not include either the fee of the street or the easement in the street that the lessee had not occupied for several years and that the defendant had appropriated several years before. I think, therefore, that this property in the street was never leased by Mortimer to Gregg, and was never in the possession of the tenant. The ownership of the property, however, passed under his will to the plaintiffs, and plaintiffs are entitled to recover for a trespass thereon.
I think, therefore, that plaintiffs were entitled to recover for the damages sustained by reason of the trespass from the time the plaintiffs became the *520 owners of the property, June 1, 1882, down to. May 1, 1885.
The parties have stipulated that there was sufficient evidence to sustain the verdict of the jury as to damages occurring from June 1,1882, to May 1,1885, if plaintiffs were entitled to recover any damages for the same time ; and under that stipulation I think plaintiffs were entitled to judgment for the amount of the verdict of the jury.
It is conceded that damages have been caused by the trespass to the amount of the verdict, and it is clear that it is the plaintiffs who are entitled to the rents and income of the property, who have sustained such damages. It was not the testator, for he could not have received the rents of the property that accrued after his death. It was not the plaintiffs as his executors, because they became vested only with the personal property that belonged to the testator at the time of his death. It was to the plaintiffs as devisee of the property, for they were entitled to the rents that had accrued from the demised premises after the death of the testator, and they would have received the amount that the jury has found was the damages sustained, as rent for this property, over and above the amount that they did receive for the property that Gregg occupied; and on such proof I do not see why the defendant would not be liable to the plaintiffs. The law gives to a person injured by a trespass compensation for the injury sustained, and when the wrong is proved, and where it clearly appears that the wrong has injured a party and the amount can bé fixed with reasonable certainty, I can see no reason why the court should not award to the injured party a judgment for such an amount. The fact that had it not been for the trespass and the likehood that it would continue, Richard Mortimer could have leased the property including the use of the streets for $10,000 instead *521 of the property he was able to lease for $6,000, and that after Richard. Mortimer’s death, plaintiffs, the owners of the property and entitled to the rents, would for these three years have received $4,000 per year more than they did receive, show that plaintiffs’ damages were caused by the injury. For •that damage defendant is liable. It is the plaintiffs who are damaged because of the wrongful act, and it is the plaintiffs who should be compensated for the wrong.
The rule is now settled in this state that the proper measure of damages for a trespass upon real estate or for the maintenance of a nuisance, is the difference in rental value free from the trespass or nuisance and subject to it. And this rule has been applied although the property was not rented but was occupied by the owner. Francis v. Schoellkopf, 53 N. Y. 154; Michel v. Supervisors, 39 Hun, 47 ; Wiel v. Steward, 19 Ib. 272. And I can see no reason why it should not be applied in this case as the measure of the plaintiffs’ damages, sustained by the wrong committed by the defendant.
The order appealed from should be reversed with $10 costs and disbursements, and the motion to set aside the verdict denied with $10 costs.
Fbeedman, J., concurred.