### HOCHALTER v. MANHATTAN RY. Co. et al.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

HIGHWAYS—TITLE TO FEE—PRESUMPTION.

　　The common-law presumption that the owner of lots abutting on a public street owns the fee in the street is not rebutted by the fact that the street was opened by statutory proceedings.

Appeal from special term, New York county.

Action by George Jacob Hochalter against the Manhattan Railway Company and the Metropolitan Elevated Railway Company to restrain them from operating their railroad in front of plaintiff's premises, and to recover damages for its maintenance. From the judgment rendered in favor of plaintiff, defendants appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Brainard Tolles,* of counsel,) for appellants. *E. W. Tyler,* for respondent.

BARRETT, J. The single question raised upon this appeal is with regard to the plaintiff's title to the westerly half of Laurens street, in front of his premises now known as "No. 96 South Fifth Avenue." The plaintiff purchased in 1851 from one John Storms. He so purchased by warranty deed purporting to convey the premises in question by a description which, as defendants concede, would have conveyed all the land in front of such premises to the center of Laurens street, if Storms had owned such land. The defendants claim that there is no presumption of ownership in fee to the center of the streets in this city, for the reason that the laws as to the opening of our streets have for a long time past required the acquisition by the city of title in fee to land taken for street purposes. It has, however, been held that the common-law presumption, that proprietors of land adjoining a public highway are the owners of the fee of said highway, applies to the streets of this city, as well as to highways in the country. *Stewart* v. *Railroad Co.,* 4 N. Y. Supp. 445, following *Wager* v. *Railroad Co.,* 25 N. Y. 526. The burden of overthrowing this presumption was upon the defendants. There is no presumption with regard to the city's title. It may have opened streets over lands originally owned by the municipality, or it may have accepted the dedication of private owners. Streets, too, have been opened over new ground along the water-fronts. There is nothing, at all events, so universal or invariable in the manner in which streets have been opened as to raise a counter-presumption to that of the common law. But, even where streets are opened by proceedings under the statute, the fee thus acquired is only a qualified fee, in trust for street uses; and there is a remainder left in the owner, from whom the qualified fee is taken, for all other uses which might be enjoyed therein. *Lahr* v. *Railway Co.,* 104 N. Y. 291, 10 N. E. Rep. 528. The question now raised is not, therefore, in any proper sense, decisive of the plaintiff's rights; for, assuming that the street referred to was laid out under the act of 1813, or even under still earlier statutes, the presumption of the public trust for street uses attaches, and the plaintiff, as the last successive grantee of the original owner, has been deprived of "what remained in and resided with" such original owner after the transfer of the qualified fee to the municipality. And, further, as an abutting owner, the plaintiff, upon the authority of the *Lahr Case,* as applied to the facts established and found below, had an easement in the street resulting from a con-

tract to that effect between the city and the original owner, which contract is implied from the statutory proceedings, and runs with the land. It follows that the judgment appealed from should be affirmed, with costs. All concur.