JACOB B. TALLMAN, Respondent, *v.* THE METROPOLITAN ELEVATED RAILROAD COMPANY et al., Appellants.

In an action by the owner of a lot adjoining a street in the city of New York, to recover damages for the interference with his easements in the street, resulting from the construction and operation of an elevated railroad therein, plaintiff cannot recover for the permanent diminution in the value of his land, but only for the damage sustained up to the commencement of the action.

The question to be determined in such an action is, how much has the rental or usable value of the lot been diminished by the acts complained of?

As a basis for the estimate, the lot must be taken as it was used during the time embraced in the action, *i. e.*, plaintiff's recovery must be confined to the diminished rental or usable value of the lot as it was.

He may not, therefore, be permitted to prove or allowed to recover damages he might have sustained if he had put his property to other use or placed upon it other structures.

Where, therefore, in such an action, it appeared that up to its commencement part of plaintiff's property was used for a carpenter shop, and the remainder as a lumber yard; that at one time he made plans for the erection of dwelling-houses thereon, and he was permitted to prove, under objection and exception, what it would have cost to erect the houses, what they would have rented for after they were built and how much they would have rented for if the railroad had not been constructed, *held*, error.

(Argued March 12, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the City and County of New York,

entered upon an order made June 4, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are stated in the opinion.

*Edward S. Rapallo* and *Samuel Blythe Rogers* for appellant. There can be no recovery for remote or speculative damages, no matter though they are directly traceable to the original injury. (*Griffin* v. *Colver*, 16 N. Y. 489; *Ehrgott* v. *Mayor, etc.,* 96 id. 264; 1 Sedg. on Dam. 38, 99, 144; Mayne on Dam. § 52; L. R. [10 Q. B.] 111, 118; *Baker* v. *Drake*, 53 N. Y. 211, 220, 213; *Thayer* v. *Manley*, 73 id. 305, 307; *Hadley* v. *Baxendale*, 9 Exch. 341; *Flynn* v. *Hatton*, 43 How. Pr. 331, 348; *Hamilton* v. *McPherson*, 28 N. Y. 72, 77; *Dodds* v. *Hakes*, 114 id. 260, 265; *Wheelock* v. *Noonan*, 108 id. 179.) The measure of damages should be applied solely with reference to the condition and use of the land during the period sued for. (*Taylor* v. *M. E. R. Co.,* 18 J. & S. 311; *Green* v. *N. Y. C. R. R. Co.,* 12 Abb. [N. C.] 124; *S. W. Bank* v. *N. Y. E. R. Co.,* 21 J. & S. 412; *Hexter* v. *Knox*, 63 N. Y. 561; *Colrick* v. *Swinburne*, 105 id. 503; *Colrick* v. *N. J. C. R. R. Co.,* 33 N. J. L. 251; *Dorland* v. *R. R. Co.,* 46 Penn. St. 520.) The repugnancy of the rule applied in this case, to settled principles of the law, is also illustrated by decisions upon analogous points, refusing recoveries for unquestional losses, because they were remote. (*Baker* v. *Drake*, 53 N. Y. 211; *Wright* v. *Bank*, 110 id. 237; *Richardson* v. *Northrup*, 66 Barb. 85; *Woodmansee* v. *Kinnicut*, 20 Wkly. Dig. 512; *Wehle* v. *Hairland*, 69 N. Y. 448; *Blanchard* v. *Ely*, 21 Wend. 342; *Pollitt* v. *Long*, 58 Barb. 20; *In re La Amistad de Rues*, 5 Wheat. 385; *Wellington* v. *Small*, 3 Cush. 145.) The court having admitted, under defendants' objection, a large amount of evidence tending to show the extent of the undisputed and serious damage by the railway to lots used for purposes of private residences, erred in rejecting evidence offered to prove

that such injuries did not result in the same degree of damage as to lots used for apartment-houses or flats. (*Hamilton* v. *McPherson*, 28 N. Y. 72; *Milton* v. *H. R. R. R. Co.*, 37 id. 210, 215; *Dillon* v. *Anderson*, 43 id. 231, 237; *Baldwin* v. *U. S. T. Co.*, 45 id. 744, 753; Stephen on Ev. art. 50; *Folkes* v. *Chadd*, 3 Doug. 157; *Booth* v. *C. M. Co.*, 74 N. Y. 15; *Tilton* v. *Miller*, 65 Penn. St. 388; 1 Rorer on Railroads, 379; *In re N. Y. L. E. & W. R. R. Co.*, 27 Hun, 151; *Paine* v. *City of Boston*, 4 Allen, 168; *Town of Cherokee* v. *T. I. Co.*, 52 Ia. 279; *Watson* v. *M. & M. R. Co.*, 57 Wis. 232, 350; *S. L., etc., R. Co.* v. *Halter*, 82 Ill. 208, 211; *Moal* v. *Mayor, etc.*, 5 Md. 314, 324; *Laflin* v. *C., etc., R. Co.*, 33 Fed. Rep. 415, 423.) The learned trial judge having permitted the plaintiff to prove the former value of the land in question, by the price paid for it, over the defendants' objection, erred in refusing to permit the defendants to show the present value of the land by the price for which it had been sold. (*Hoffman* v. *Connor*, 76 N. Y. 121; *Coleman* v. *People*, 58 id. 555.)

*James M. Smith* for respondent. The plaintiff has a right to have the street kept open and continued as a public street for the benefit of his abutting property. This right or privilege constitutes an easement in the bed of the street which attaches to the abutting property of the plaintiff and constitutes private property, of which, under the Constitution, he cannot be deprived without compensation. The defendants' road is such a structure as will render them responsible for any injury the plaintiff sustains by reason of its construction or operation. The plaintiff is entitled to recover for all damages he has sustained up to the time of the commencement of the action which were caused by the erection and maintenance of the defendants' road. The evidence of the value of the lots, the cost of building such houses as the plaintiff had made plans for building, was properly admitted, for the purpose of showing a basis upon which the jury might form an estimate as to the value of the use of the lots, with and without the road.

(*Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122; *Lahr* v. *M. E. R. Co.*, 104 id. 268; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98; *Durcker* v. *M. R. Co.*, 106 id. 157; Matthews on Pres. Ev. 3; Starkie on Ev. [2d Am. ed.] 1240; *Colrick* v. *Swinburne*, 105 N. Y. 508.) The exceptions of the defendants to the refusal to charge requests presented by them cannot be sustained. (*Coldwell* v. *N. J. S. Co.*, 47 N. Y. 202.)

*John E. Parsons, Joseph H. Choate, G. Willett Van Nest, A. P. & W. Man, Burnett & Whitney, Mitchell & Mitchell, Burrill, Zabriskie & Burrill* for owners who have procured judgment in actions where real estate experts testified. It was proper to ask a qualified expert the question, "Without the road what would the property have been worth?" (*Rochester* v. *Budlong*, 10 How. Pr. 289; *In re Rochester*, 40 Hun, 588; *Vandenberg* v. *B. & A. R. R. Co.*, 21 Wkly. Dig. 474; *Hine* v. *N. Y. E. R. R. Co.*, 36 Hun, 293, 295; *Reed* v. *R. W. & O. R. R. Co.*, 48 id. 231; *Shaw* v. *City of Charlestown*, 2 Gray, 107; *Shattuck* v. *S. B. R. R. Co.*, 6 Allen, 116; *Swan* v. *Middlesex*, 101 Mass. 173, 178; *Snow* v. *B. & M. R. R. Co.*, 65 Me. 230; *W. D. C. I. Co.* v. *Sassaman*, 67 Penn. St. 415; *Carter* v. *Thurston*, 58 N. H. 104; *Sagafoos* v. *Minneapolis*, 36 Am. & Eng. R. Cas. 675; *P. & R. R. R. Co.* v. *Inhabitants*, 23 id. 51; *Yost* v. *Curry*, 92 Ind. 469; *G. & S. W. R. R. Co.* v. *Haslam*, 73 Ill. 494; *K. & E. R. R. Co.* v. *Henry*, 79 id. 290; *City of Chicago* v. *McDonough*, 112 id. 85; *Colville* v. *S. P. & C. R. Co.*, 19 Minn. 283; *Sherman* v. *S. P. M. & M. R. Co.*, 30 id. 227; *Lehmicke* v. *S. P., S. & T. F. R. R. Co.*, 19 id. 464, 481; *Snyder* v. *W. U. R. R. Co.*, 25 Wis. 60; *T. T. Co.* v. *Forke*, 2 Tex. 365; *T. & S. L. R. Co.* v. *Kirby*, 44 Ark. 103; *Railroad* v. *Foreman*, 24 W. Va. 673; 1 Greenl. on Ev. 440; 1 Whart. on Ev. 450; *N. Y. N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 511; 108 N. Y. 660; *Norman* v. *Wells*, 17 Wend. 136–161; *Dunscomb* v. *Hollister*, 49 Hun, 352–356; *Francis* v. *Schoelhopf*, 53 N. Y. 152; *Taylor* v. *Metropolitan*, 18 J. & S. 301; *Pollit* v. *Long*, 58 Barb. 20; *P. & N. Y. R. R.*

*& C. Co.* v. *Bunnell,* 81 Penn. St. 414; *E. P. R. R. Co.* v. *Heiser,* 40 id. 53; *P. & W. R. R. Co.* v. *Patterson,* 107 id. 461; *C. P. R. R. Co.* v. *Pearson,* 35 Cal. 247; 1 Greenl. on Ev. § 448; *Kiernan* v. *C., S. F. & C. R. Co.,* 14 N. E. Rep. 18; *N. Y. N. E. Bank* v. *Metropolitan,* 21 J. & S. 54; *Kenkele* v. *M. R. Co.,* N. Y. L. Jour. Feb. 18, 1890; *Beir* v. *Cooke,* 38 Hun, 41, 42; *Chamberlain* v. *Dunlop,* 28 N. Y. S. R. 379.) It was proper to ask, what was the value with and without the road? (*Hochreiter* v. *People,* 2 Abb. Ct. App. Dec. 363; *Mayor, etc.,* v. *Secord,* 102 N. Y. 582.)

EARL, J. The plaintiff was the owner of four adjoining lots on the westerly side of West Fifty-third street in the city of New York. He became the owner of three of them in 1866, and of the other in 1868, and he continued to own them until after the commencement of this action in February, 1884. The elevated railway of the defendants was constructed through Fifty-third street in front of these lots in 1878, and was thereafter maintained and operated. The plaintiff used a part of his lots for a carpenter shop and the remainder as a lumber yard. This action was commenced to recover damages occasioned to the lots by the construction and operation of the railway, and the only question which it is important for us now to determine relates to the rule of damages.

When the defendant began to construct its railway in front of the plaintiff's lots he could have commenced an action in equity against it and restrained it until it had made compensation to him for the rights and easements which it took from him, or until it had acquired them by condemnation proceedings. (*Story* v. *N. Y. E. R. R. Co.,* 90 N. Y. 122.) In that way he would, at least in the theory of the law, have been indemnified for all the damage he would suffer by reason of the construction of the railway. Instead of taking his remedy by an equitable action at that time, he could have taken it at any time afterward during his ownership of the lots with the same result.

He was not, however, confined to his remedy by such an action.  He could suffer the railway to be constructed and then bring successive actions to recover damages to his lots, caused by the construction, maintenance and operation of the railway.  In such an action he would recover his damages to the commencement of the action, and the action would be governed by the principles laid down in *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98).  In such an action the plaintiff cannot recover for the permanent diminution in the value of his lots.  He can only recover the damages he sustains from day to day, or from month to month, or from year to year, in the use of his lots; and the question to be determined in such an action is, how much has the rental or usable value of the lots been diminished by the construction, maintenance and operation of the railway?  As a basis for estimating the damages, the lots must be taken as they are used during the time embraced in the action, and the plaintiff's recovery must be confined to the diminished rental or usable value of the lots just as they were.  He was in no way prevented from putting his lots to any use he wished.  He had the right, acting reasonably, not wantonly or rashly, to put upon them any structures which he deemed most to his advantage; and, at any and all times, until the railway company acquired as against him the right to maintain and operate its road in Fifty-third street, he had the right to recover the diminished rental value of his lots occasioned to them, just as they were, by the maintenance and operation of the road.  But he could not be permitted to prove or allowed to recover such damages as he might have sustained if he had put his lots to other uses or placed upon them other structures.  Such damages would be purely speculative and contingent.  The plaintiff had owned these lots for about twelve years before the railway was constructed without making any substantial improvements upon them, and they remained in the same condition down to the commencement of the action.  It appears that at some time he made plans for the erection of dwelling-houses upon the lots; but whether he ever intended

to build, or would have built the houses, is mere matter of conjecture. Upon the trial he was permitted to prove what it would have cost to erect the dwelling-houses upon the lots, and what they would have rented for after they were constructed, and also to give evidence of the amount for which they would have rented if the railroad had not been constructed; and the jury evidently took this evidence into consideration in fixing the amount of damages which they awarded the plaintiff. There can be no certainty that the plaintiff would ever have erected dwelling-houses upon the lots, and there could be no certainty as to the rents which could have been obtained from them either with or without the railroad in the street; and the defendant was permitted by the rule adopted in the court below to have all the advantages which he could derive from keeping his lots substantially vacant and ready to sell as such, and at the same time to have all the advantages, without the investment of any money and without any risk, which he could have derived from their improved condition. He was simply entitled to the damages caused to him in the use of his lots from the defendants' interference with his easements of light, air and access; and such damages are necessarily, and from the very nature of the case such only as flowed from the interference with such easements during the time covered by the action. If he desired a more ample indemnity for the injury he suffered from the railway in front of his lots, he should, by an equitable action, have compelled the defendant, either by agreement with him to pay his damages, or to acquire the right by condemnation proceedings to interfere with and take his easements. Any other rule would open upon the trial in every case like this an inquiry into all the possible uses to which the abutting owner might put his premises; and damages, instead of being awarded upon any certain or probable basis, would rest mainly upon conjecture and speculation. Adequate sanction for these views is found in the following authorities: *Greene* v. *N. Y. C. & H. R. R. R. Co.* (12 Abb. [N. C.] 124); *Colrick* v. *Swinburne* (105 N. Y. 503); *Wheelock* v. *Noonan* (108 id.

179); *Hatfield* v. *Central R. R. Co.* (33 N. J. Law, 251); *Dorlan* v. *E. B. & W. R. R. Co.* (46 Penn. 520).

The rule of damages as thus laid down was violated by many rulings upon the trial of this action, and a new trial should, therefore, be ordered, costs to abide the event.

All concur.

Judgment reversed. _____