| 59 | 365 |
| 128a | 132 |
| 128a | 624 |

THEODORE E. MACY AND OTHERS, RESPONDENTS, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY AND ANOTHER, APPELLANTS.

*Injunction to prevent an injury to real property — reversioner entitled to it — conveyance of easements by a lessee to the lessor.*

Under section 1665 of the Code of Civil Procedure, providing that one seized of an estate in reversion or remainder may maintain an action for an injury to the inheritance, notwithstanding any intervening estate for life or years, a reversioner is entitled to an injunction to prevent such an injury, notwithstanding the existence in full force of a lease of the premises granted by him.

*Semble*, that a release, by a tenant to the owner of the fee, of all interest in the street in front of the demised premises, and in any easements appurtenant thereto which were granted by the lease, is a valid conveyance, so far as to transfer any right to compensation for an attempt to interfere with such interest and easements by a third party. Such an instrument is not a severance of the easements from the land, but reinvests them in the owner to the extent of enabling him fully to protect any encroachment upon the reversion.

APPEAL by the defendants, the Metropolitan Elevated Railway Company and the Manhattan Railway Company, from a judgment, entered in the office of the clerk of the county of New York on the 20th day of January, 1890, in favor of the plaintiffs.

*Davies & Rapallo*, for the appellants.

*Burrill, Zabriskie & Burrill*, for the respondents.

BRADY, J. :

This action was commenced June 13, 1889, and resulted in a judgment awarding to the plaintiffs $1,200 for loss of rents and granting an injunction, unless the defendants paid for a conveyance of the easements appurtenant to plaintiffs' premises the sum of $5,000. It is found by the learned judge who presided at the trial that the plaintiffs' testator united, while living and a member of Macy & Company, in a lease to one William Simpson for five years of the whole of the *locus in quo* from September 1, 1888, and that the lessee since that time had been in possession of the premises. Upon this fact and the time of the commencement of the action the defendants requested the court to find as follows :

"*Twenty-first.* On the 28th day of August, 1888, said Theodore E. Macy and Charles H. Macy, comprising the firm of Macy & Company, leased to William Simpson the whole of said property for the term of five years from September 1, 1888, at the yearly rental of $4,200, and said Simpson has since that time been in possession thereof as tenant under said lease." Which was refused. This presents the appellant's first point on the brief, in which it is contended that the judgment should be so modified as to be operative only upon the expiration of the demise to Simpson. It is not disputed that the plaintiffs are entitled to an injunction for the protection of their reversionary interest, but insisted that such interest is amply protected by an injunction which becomes operative when the estate vests in possession. This view is fallacious. The right of the owners of the reversion to protect the inheritance seems to be settled law. The Code of Civil Procedure, section 1665, provides that a person seized of an estate in reversion or remainder may maintain an action founded upon an injury done to the inheritance, notwithstanding any intervening estate for life or for years (see, also, *Mortimer* v. *El. Ry. Co*, 57 Supr. Ct., 509); but if any

doubt exist, it is dispelled by a release from the lessee of all interest in the street and avenue in which the premises are situate, and in any easements appurtenant thereto, which were assigned or transferred by the lease or which the lessee had or owned, or which was taken or appropriated by the Manhattan Elevated Railway Company or Metropolitan Railway Company. This paper was executed at the request of Mr. Macy, and without consideration. It was regarded by Mr. Simpson as of no value to him and he signed out of courtesy to Mr. Macy. The facts of its execution and delivery still exist, however, and as Mr. Simpson does not claim any relief in reference to it and abides by it and its effect, whatever that may be, it is not in the power of the defendants to assail or question it, except as to its legal effects upon the defendant in this proceeding. If it convey nothing to the grantees, it is of no value to them; if it does, it must be placed to their credit.

It is not an attempt, however, to accomplish such a separation, but a reunion with the fee in the owner of the fee, being a release of the interest described by the tenant to his landlord, and not a release of the demise itself. In other words, there was no intention to yield the right to light and air as appurtenant to the demise, but to any right to compensation for any attempt to interfere with it, and thus to meet what might be regarded as a technical objection to the right of action by the plaintiff *in presenti.* There is nothing in the adjudication of *Newman* v. *The Metropolitan Elevated Company* (118 N. Y., 625) or *Kenkele* v. *Same* (55 Hun, 400) affecting the question discussed. All they decide is that easements cannot be considered as property separate and distinct from the land to which they are appurtenant in the estimation of damages, not that no interest in them can be transferred.

And in *Reise* v. *Enos* (8 L. R. A. [Wis.], 617), also cited, it appears that the plaintiff was the owner of a lot known as No. 3, adjacent to which was a lot known as No. 4, across the rear of which there was a right of way appurtenant to lot No. 3. The plaintiff sold lot No. 3, and in the deed inserted this clause: "It is intended to specially reserve hereby from the operation of this conveyance the right of way to the parties of the first part, their heirs and assigns forever, the free and uninterrupted right of way across the rear of said lots 3 and 4."

It was held that the reservation was ineffectual, so far as it concerned the right of way across lot No. 4, for the reason that the grantor had sold lot No. 3, from which the right sprung, and could reserve nothing appurtenant to it; he could not separate the easement from the land, in other words. This is wholly different from the question considered. The proposition, therefore, advanced in behalf of the appellants, that there was an attempted severance of the easements from the land, is not sustained. It is true that an easement separated, or attempted to be, from the land can be of no value. Here, however, the effect was to reinvest it in the owner of the fee, and to transfer an interest in it, not to detach it, and which would enable the owners of the reversion to protect any encroachment upon it. The act seems to be above criticism when the object designed to be secured by it is understood. And, again, whether the release granted anything or not, its introduction, if improper, could not have been prejudicial to the defendants. The law gave the right of action to the plaintiffs as owner of the fee, notwithstanding the release.

The second point argued is that the judge at Special Term erred in finding that hot coals, grease and water fell from the defendants' structure and penetrated into and upon the plaintiffs' premises, and in finding that disagreeable odors and gases emanated from such structure. This would be technically correct if it be intended to exclude the locomotives as part of the structure, but such is not the finding. That the result of the use of the structure for traffic is to drop and scatter, and create these different factors, is clearly established by the evidence of several witnesses taken together, namely, Theodore E. Macy, Bates, Elliott, Stemle, Simpson, Bunk, O'Halloran; and the second point is not maintained. There is nothing collaterally discussed on this point which calls for any further examination of it, and it must be overruled.

The third point taken, but not discussed, is that the judgment should be reversed; but as this is predicate of the first and second points, and they have not been sustained, it follows that the judgment must be affirmed, with costs. Ordered accordingly.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.