### Hine v. New York El. R. Co.

*(Supreme Court, General Term. First Department. March 13, 1891.)*

RAILWAY IN STREET—LEASED PROPERTY—RIGHTS OF LANDLORD.

Damages for trespass upon easements incident and appurtenant to real property, committed by the erection, maintenance, and operation of an elevated railroad in the street on which it fronts, may be recovered by the owner, even for a time during which the premises were leased by him to tenants, and were in the actual possession of the latter, where, by reason of such trespass, he was compelled to let the premises for a less rental than he otherwise could have obtained.

Appeal from circuit court, New York county.

Action by Charles S. Hine against the New York Elevated Railroad Company. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial. For former report, see 7 N. Y. Supp. 464.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Davies & Rapallo,* (*Edward B. Thomas,* of counsel,) for appellant. *Arnoux, Ritch & Woodford,* (*William H. Arnoux,* of counsel,) for respondent.

VAN BRUNT, P. J. The plaintiff is the owner of the premises known as "No. 13 Bowery," and this action was brought to recover damages for the trespass committed upon the easements incident and appurtenant to the plaintiff's ownership of said premises by the erection, maintenance, and operation of the defendant's railroad. The plaintiff testified, in respect to the time set forth in the complaint, that he was not in the actual occupancy of any part of this property; that it was all rented out to somebody else, and in the possession of somebody else. The letting is shown to have continued during the whole period of time, but it would seem that the premises were occupied by different tenants during the time under consideration. It further appears from the evidence that the rents were affected by the building of the railroad of the defendant, and that the plaintiff was able to let the premises for much less than he could have done were it not for the existence, maintenance, and operation of the defendant's road.

There is but one question presented upon this appeal for our consideration, and it arises from an exception taken to the refusal of the court to charge as requested. The charge was in the following language: "That if the jury find that the premises described in the complaint were in the possession of tenants at any or all times during the period subsequent to the construction of the defendant's railroad, and prior to the commencement of this action, then they must award no damages to the plaintiff for such period as the premises were in the possession of such tenant or tenants." A very learned and exhaustive argument was submitted to the court touching the relative rights of lessors and lessees in respect to trespassers continuing in their nature upon premises leased. But we do not think that any such question arises in the consideration of the exception to which attention has been called. The rule is well settled that trespasses such as the defendant committed in respect to the property of the plaintiff are continuing trespasses, new causes of action arising thereon from day to day; and it is also well settled that the cause of

action for past damages arising from a trespass is a chose in action belonging to the owner of the fee which passes upon his death to his personal representatives, and not to his heirs at law, as does a right to compensation for permanent injury. In the one case the right is attached to the realty; in the other, it becomes daily severed therefrom. The result, therefore, is that the trespasses having been commenced and being continued at the time that the owner of the fee makes a lease of his premises, and because of the existence of that trespass the owner can procure from his lessee only a reduced rent from that which he would have received had the trespass not existed, a right of action at once accrues for the whole loss. It does not depend upon the continuance of the trespass. It is not a recovery of damages in anticipation of a continuance of the trespass. Under such circumstances, the damages are at once sustained, and his right of action at once accrues; and he cannot maintain, as the learned counsel for the defendant has so ably demonstrated, an action for damages accruing during the term when the lessee is in possession. It would indeed be a startling proposition to hold, in respect to the trespass committed by these elevated railroads, that the owner would be either required to occupy the premises himself, or leave them vacant, in order to maintain an action for damages sustained by the trespass; and there is no principle which has been evoked by the appellant's counsel which requires the court to hold any such proposition. In fact every rule regulating the measure of damages, whether in actions upon contract or actions sounding in tort, proceeds upon an entirely different theory, and requires the person injured to do that which any ordinarily prudent man would do to render the damage as little as possible. In the case of *Tallman* v. *Railway Co.*, 121 N. Y. 124, 23 N. E. Rep. 1134, in speaking of the damages which might be recovered in these cases, the court say: "The question to be determined in such an action is, how much has the rental or usable value of the lots been damaged by the construction, maintenance, and operation of the railway? As a basis for estimating the damages, the lots must be taken as they are used during the time embraced in the action, and the plaintiff's recovery must be confined to the damage to the rental or usable value of the lots just as they were." Applying this principle, which is entirely in harmony with the proposition already laid down, it appears that when the owner of the premises rents the same at a rental diminished by reason of the trespass, by so much as such rental is so diminished is he damaged, and the damage is then fixed and liquidated, and he has suffered it, and his right of action accrues. In the case of a trespass without a shadow of right, there seems to be no special reason why the court should be astute to protect the trespasser from responding to the owner for the plain damage which he has sustained. We are of opinion that the request was rightly refused, and that the judgment should be affirmed, with costs.

All concur.