OTTINGER *et al. v.* NEW YORK EL. RY. CO. *et al.*

*(Supreme Court, General Term, First Department.* June 12, 1891.)

**1. INTEREST ON DAMAGES—ILLEGAL RATE.**

In an action against an elevated railway company the court found that plaintiff was entitled to damages for injuries to the rental value of his premises, caused by the erection of defendant's railway in front thereof, at the rate of $500 a year for six years, but entered judgment for the gross sum of $3,450, of which the sum of $450 was interest. *Held,* that the interest allowed must be reduced by the sum of $270, it being in excess of the legal rate of 6 per cent. by that amount.

**2. ELEVATED RAILROADS—INJURY TO PREMISES—ACTION BY LESSOR.**

Plaintiff commenced an action in 1888 to recover damages for injuries to the rental value of his premises caused by the erection of an elevated railway in front thereof. The action was tried in December, 1890, and it then appeared that plaintiff had made a lease of the premises for two years dating from May 1, 1890. *Held,* that the action not having been commenced during the leasehold term, no question could arise as to plaintiff's right to an injunction which would be operative prior to the expiration of the lease.

**3. SAME—ACTION BY REMAINDER-MAN.**

Under Code Civil Proc. N. Y. § 1665, providing that a reversioner or remainder-man may maintain an action for an injury to the inheritance notwithstanding any intervening estate for life or for years, the remainder-man may recover though it appears that the injuries complained of occurred during a demise of the premises injured. Following *Hine* v. *Railroad Co.,* 13 N. Y. Supp. 510; *Macy* v. *Railway Co.,* 12 N. Y. Supp. 804.

Appeal from special term, New York county.

Action by Marx Ottinger and another against the New York Elevated Railway Company and another. From a judgment for plaintiff, defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Davies & Rapallo, (Julien T. Davies, Samuel Blythe Rogers,* and *Byron Traver,* of counsel,) for appellants. *Myer S. Isaacs, (W. G. Peckham,* of counsel,) for respondents.

VAN BRUNT, P. J. It is claimed by the appellants that the amount awarded as past damages and permanent damages is excessive, and not warranted by the evidence. An examination of the evidence in the case does not show that the defendants have been unjustly treated by the allowances which have been made in respect to the amount of damages to annual rental, or the permanent damages which have been allowed. In fact, such allowance seems to have been reasonable, and there is no ground of complaint. The learned judge, however, seems to have fallen into an error in respect to the allowance of interest. Five hundred dollars a year as damages for loss of rental was allowed, and interest thereon, and the whole sum allowed, with interest, was $3,450, of which $450 appears to have been for interest. The annual legal interest would have been $30, making for the six years $180; and the excess seems to have been unauthorized, and the judgment for past damages must be reduced by the sum of $270. It is also urged that, the plaintiffs having purchased this property at a reduced price, they have therefore no cause of action. This question has been too frequently passed upon to need further discussion or elaboration here. It appeared from the evidence which was introduced that the premises had been occupied by tenants during all the period covered by this litigation. This action was commenced on the 24th of May, 1888. It appears to have been tried in December, 1890, and that the building had been rented at the time of the trial for two years from the 1st of May, 1890; and it

·is urged because of such lease the learned judge erred in granting an injunction which should be operative prior to the expiration of that lease, and that .although the plaintiffs can have an injunction to protect the inheritance, viz., their reversionary estate, it having been held by the court of appeals that these structures are not necessarily to be deemed permanent, and as they may be removed before the lease in question, no injunction should have been granted. Whatever might have been the rights of the defendants in this regard had this action been commenced during the continuance of a leasehold term which had not expired at the time of the trial, no such question can arise in the case at bar. This action was commenced in 1888, and the lease in question was made in 1890. The injuries to the reversion were being actually suffered; the defendants were using the property of the plaintiffs for which they refused to pay, and are using it to this day; and, having seized on this property of the plaintiffs to the possession of which they were entitled, they cannot be allowed to continue their trespass without making compensation. The principles enunciated in the case of *Hine* v. *Railroad Co.*, 13 N. Y. Supp. 510, seem to dispose of these questions, even if they were not sufficiently disposed of by the case of *Macy* v. *Railway Co.*, 12 N. Y. Supp. 804, in which case a provision authorizing actions of this kind is expressly referred to. It is claimed that that case was decided upon another ground. But upon what theory it can be claimed that the one or the other ground was considered decisive in the action we are unable to see. The judgment should be modified by reducing the amount allowed for past damages from $3,450 to .$3,180, and, as so modified, affirmed without costs.