### SUAREZ v. MANHATTAN RY. CO. et al.

*(Supreme Court, General Term, First Department.  June 26, 1891.)*

EMINENT DOMAIN—OUTSTANDING LEASE—RIGHTS OF REVERSIONER.

 Where an elevated railroad has been built in a street without making compensa-
 tion to the abutting owners for the easements of light, air, and access, the right of
 an owner to enjoin the operation of the road is not affected by the fact that his prem-
 ises are subject to an outstanding lease.  *Macy* v. *Railway Co.*, 12 N. Y. Supp. 804,
 followed.

Appeal from special term, New York county.

Action by Benigno S. Suarez against the Manhattan Railway Company and
the Metropolitan Elevated Railway Company.  The facts of this case are the
same as in *Suarez* v. *Railway Co.*, 15 N. Y. Supp. 222.  Defendants appeal.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Davies & Rapallo*, (*Julian T. Davies* and *Samuel Blythe Rogers*, of coun-
sel,) for appellants.  *John A. Weeks, Jr* , and *Henry A. Foster*, for respond-
ent.

BARRETT, J.   What we have said in the case of Peter S. Suarez against
the present defendants (15 N. Y. Supp. 222) covers all that we deem worthy
of consideration in this case, with a single exception.  The defendants here
contend that the plaintiff is not entitled to an injunction until the expiration
of the term of an outstanding lease of the premises in question.  The reverse
of this contention was held in *Macy* v. *Railway Co.*, 12 N. Y. Supp. 804.  It
is true that in that case there was an additional support for the ruling in a
release and assignment of the easements from the tenant to the landlord.
But the main proposition, apart from such release, was distinctly decided;
and we think that this decision was correct upon principle.  The general
doctrine of the *Mortimer Case*, 8 N. Y. Supp. 536, that an owner of lands
may maintain trespass for an injury to the inheritance, notwithstanding the
premises are in possession of a tenant under a lease, has been followed and
reaffirmed in many subsequent cases.  If such owner may maintain a single
action for such trespass, there is no reason why he may not maintain succes-
sive actions for continuous trespasses.  *Conkling* v. *Railway Co.*, 12 N. Y.
Supp. 848.   And as these continuous trespasses, and the multiplicity of suits
resulting therefrom, are one of the grounds upon which equity intervenes,
there is, under the present circumstances, a substantial basis for the injunc-
tion.   The judgment appealed from should therefore be affirmed, with costs.

All concur.