CAROLINE BARRICK et al., Respondents, *v.* ANNA SCHIFFER-DECKER, Appellant.

In an action to recover damages for injuries to plaintiffs' premises, alleged to have been caused by the use of a building on defendant's adjoining premises as an ice-house, and to restrain the continuance of such use, plaintiffs, under objection and exception, were permitted to prove the loss of rental value to the time of the trial, the cost of preventing further injury from the same cause, and also the permanent depreciation in the value of the property. The jury rendered a general verdict for $1,000 damages; the court refused the injunction. *Held*, that the court having denied equitable relief, the only damages possible to be sustained was the rental value to the time of the trial, with the addition of the cost of repairing and protecting the premises from further injury, and so, the admission of evidence respecting their permanent depreciation in value was error.

*Barrick* v. *Schifferdecker* (48 Hun, 355), reversed.

(Argued June 9, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 17, 1888, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiffs by reason of defendant, an adjoining land owner, using the building upon his premises as an ice-house, and by the melting of the ice occasioning a dampness which struck through the walls of plaintiffs' dwelling.

The facts, so far as material, are stated in the opinion.

*Andrew Hamilton* for appellant. The court erred in allowing proof of damages after the commencement of the action down to the time of the trial, and also in denying defendant's request to charge the jury that plaintiffs' recovery was limited to the commencement of the action. (*McKeon* v. *See*, 51 N. Y. 300; 4 Robt. 449; *Uline* v. *N. Y. C. R. R. Co.*, 101 id. 98, 109; *Whitmore* v. *Bischoff*, 5 Hun, 176; *Duryea* v. *Mayor, etc.*, 26 id. 120.) The court erred in allowing proof of damages for the permanent diminution in the market value of plaintiffs' lot. (*C. Corp.* v. *Hitchings*, 65 Me. 140; *Pond* v. *M. E. R. Co.*, 112 N. Y. 189, 190.) The evidence of the extent of the damage to the wall was not of the proper kind, and defendant's objections and exceptions thereto are well grounded. (*Morehouse* v. *Matthews*, 2 N. Y. 514; *Raymond* v. *Baker*, 66 Barb. 604; *Green* v. *Plank*, 48 N. Y. 669; *Terpenning* v. *Corn Ex.*, 43 id. 282; *Armstrong* v. *Smith*, 44 Barb. 120; *Brown* v. *Elliott*, 45 How. Pr. 182.) The erroneous evidence admitted warrants a reversal. (*Carroll* v. *Dimel*, 95 N. Y. 252; *Bowes* v. *Becht*, 35 Hun, 437–439; *Baird* v. *Gillett*, 47 N. Y. 186–188.)

*D. Cady Herrick* for respondents. The storing of ice by defendant so near the house of plaintiffs, interfered with the use and enjoyment of plaintiffs' property, injured the walls of plaintiffs' house and decreased its value, and thereby became a nuisance, for which plaintiffs are entitled to recover. And it is no excuse that defendant's business is lawful and is conducted with all possible care and skill. (*Fish* v. *Dodge*, 4 Den. 311; *Catlin* v. *Valentine*, 9 Paige, 575; *Brady* v. *Weeks*,

3 Barb. 157; *B. Church* v. *S. & T. R. R. Co.*, 5 id. 79; *Heeg* v. *Licht*, 80 N. Y. 582; *McKeon* v. *See*, 4 Robt. 449; *Campbell* v. *Seaman*, 63 N. Y. 568; *Beir* v. *Cooke*, 37 Hun, 38; *Reinhardt* v. *Mentash*, L. R. [42 Ch. Div.] 685.) This action was brought to obtain equitable relief in addition to damages, and the court committed no error in allowing proof of damages which accrued subsequent to the commencement of the action. (1 Pom. Eq. Juris. 255; *M. A. B. Church* v. *B. Church*, 73 N. Y. 95; *Beir* v. *Cooke*, 37 Hun, 38; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Pond* v. *M. E. R. Co.*, 112 id. 186–190.) The witness Silberman was competent as to the rental value, also the former and present value of plaintiffs' house. (*Clark* v. *Baird*, 11 N. Y. 183; *Bedell* v. *L. I. R. R. Co.*, 44 id. 370; *Jarvis* v. *Furman*, 25 Hun, 391.) The measure of damages is not only the loss of rent, but also the depreciation in the value of the property on account of the nuisance, and expense of repairs. (Wood on Nuisances, 887; *Jutt* v. *Hughes*, 67 N. Y. 207; *Beir* v. *Cooke*, 37 Hun, 38; *Schwab* v. *Cleaveland*, 28 id. 458.) The court properly excluded evidence of the assessed value of plaintiffs' house. (*Flint* v. *Flint*, 6 Allen, 34; *Kenerson* v. *Henry*, 101 Mass. 152.) The motion for a nonsuit was properly denied. (*Kelly* v. *Kelly*, 3 Barb. 419; *Thompson* v. *Dickerson*, 12 id. 108; *People* v. *M. T. Co.*, 11 Abb. [N. C.] 304; *Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *Smith* v. *Coe*, 55 id. 678.) There was no error in submitting the case to the jury. (Code Civ. Pro. §§ 823, 971, 1003; *Parker* v. *Laney*, 58 N. Y. 469; *Carroll* v. *Deimel*, 95 id. 255; *Acker* v. *Leland*, 109 id. 105–110.) Where a point has already been charged in substance it is not error for the court to refuse to again charge it. (*Spencer* v. *Humiston*, 9 Hun, 71; *Morehouse* v. *Yeager*, 71 N. Y. 594; *Hughes* v. *Ferguson*, 23 Wkly. Dig. 185; *Moody* v. *Osgood*, 54 N. Y. 488; *Rexter* v. *Starin*, 73 id. 601.) The maxim "*sic utere tuo ut alienum non lædas*" applies. (Moak's Underhill on Torts, 410.) The plaintiffs were not obliged to make their walls impervious to dampness produced by defendant's wrongful acts. (*Mairs* v. *Manhattan Co.*, 89 N. Y. 498;

*Mackey* v. *N. Y. C. R. R. Co.*, 27 Barb. 528 ; *Colt* v. *S. A. R. R. Co.*, 1 J. & S. 189 ; *Hanck* v. *Stephenson*, 8 id. 543 ; *Coddington* v. *Carnley*, 2 Hilt. 528 ; *Cheney* v. *N. Y. C. R. R. Co.*, 16 Hun, 415 ; *Dart* v. *F. Bank*, 27 Barb. 337 ; *Heritage* v. *Hall*, 33 id. 347 ; *President, etc.*, v. *Gardner*, 7 J. & S. 543 ; *Kellar* v. *F. Ins. Co.*, 3 Hill, 251 ; *Van Pelt* v. *Otter*, 2 Sween. 202 ; *Knapp* v. *Roche*, 5 J. & S. 395.) The findings of law and fact were properly made and signed by the court. (*Birdsall* v. *Patterson*, 51 N. Y. 43 ; *Vermilyea* v. *Palmer*, 52 id. 471 ; *Parker* v. *Laney*, 58 id. 469 ; *Carroll* v. *Deimel*, 95 id. 255 ; *Learnard* v. *Tillotson*, 97 id. 1 ; *Wallace* v. *A. L. T. Co.*, 16 Hun, 404 ; *Hammon* v. *Morgan*, 101 N. Y. 179 ; *Acker* v. *Leland*, 109 id. 5.) The judgment should not be reversed for error, if it appears that substantial justice has been done. (Code Civ. Pro. § 1003 ; *Post* v. *Mason*, 91 N. Y. 549 ; *Wright* v. *Dugan*, 15 Abb. [N. C.] 107 ; *Potter* v. *Hopkins*, 25 Wend. 417.)

FINCH, J. The principal question raised on this appeal relates to the measure of damages. The parties were adjoining owners, and the defendant using her building for the storage of ice, caused injury to the plaintiffs' dwelling-house. The melting of the ice occasioned a dampness which struck through the walls of the dwelling, and, beyond an injury to the structure, made it so unsafe and unfit for occupation as to have seriously diminished its rental value. The plaintiff brought an equitable action so far as the relief demanded was concerned. She asked for an injunction to prevent the continuance of the nuisance and for damages. Under the defendant's objection and exception she was allowed to prove the loss of rental value to the time of the trial, and then the cost of repairing the injury done and putting the dwelling into a condition to be unaffected by the proximity of the ice, and in addition to that, the permanent depreciation. No instructions were given to the jury limiting or guiding their action upon this evidence, but they were left to determine the damages from the proof given, and in their own way. They rendered a

verdict for the plaintiff of $1,000. The court refused to grant an injunction and gave no equitable relief, but allowed the judgment for damages to stand. That judgment must be reversed for the error in admitting evidence relating to the damages. Although the complaint demanded equitable relief, no case for it was made, and none awarded. The injury complained of was by no means permanent in its character, and resulted from the use of the defendant's building. as an icehouse and the melting of the ice therein. She might elect to discontinue that use, and if equitable relief had been granted would have had the option to have discontinued the nuisance and so to have prevented a permanent depreciation of value, or, continuing it, to obtain the right so to do by paying the resulting depreciation, as the court might determine. But on this trial the depreciation was proved without an award of equitable relief, and double damages may have been the consequence of the proof. The rental value to the time of the trial, and in addition the sum necessary to repair plaintiffs' house and put it in a condition which would prevent future injury from the same cause were first shown, and their aggregate would cover the total damages possible to be sustained. When to that, permanent depreciation is added, damages are given for what cannot occur. The cost of prevention and the result of continuance cannot both be given. The award of the one must necessarily exclude the other. We cannot know how the jury arrived at their verdict, and it may have been influenced by the erroneous admission of evidence, and so there must be a new trial upon which, according as the court shall find the facts, either the legal or equitable rule of damages must prevail, but not both.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.