CORNELL *et al. v.* NEW YORK EL. R. CO. *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. RAILWAY IN STREET—ACTION—ISSUES FOR JURY.

In an action for damages to real property caused by an elevated railroad in the street in front thereof, and to restrain the further maintenance of the structure and the passage of trains upon it, the complaint alleged that the trains made "so much noise as greatly to interfere with the enjoyment" of the property, and that the locomotives emitted "foul gases, smoke, and cinders, which are a nuisance," and that thereby the value of the property had greatly deteriorated. *Held* that, so far, at least, as damages were claimed, the action was for a nuisance, and to that extent must be first tried by a jury, under Code Civil Proc. N. Y. § 968, subd. 2, providing for the trial by jury of an issue of fact in an action for a nuisance; the other issues then to be tried before the court.

2. SAME—LEASED PROPERTY—RIGHTS OF LANDLORD.

Damages for injuries to easements appurtenant to real property, caused by the erection, maintenance, and operation of an elevated railroad in the street on which

it fronts, may be recovered by the owner, even for a time during which the premises were leased by him to tenants, and were in the actual possession of the latter, where the rental value is depreciated by the erection and use of the railroad. Following *Hine* v. *Railroad Co.*, *ante*, 510.

**3. INCONSISTENT FINDINGS—JUDGMENT.**

In an action commenced July 15, 1889, for injuries to plaintiffs' real property from the construction and operation of an elevated railroad, in which the six-years statute of limitations was pleaded, the decision, rendered about July 15, 1890, found as a fact a diminution of the rental value of the property caused by such railroad, "from the 15th day of July, 1883, to the time of the trial of this action, and that the damage to the plaintiffs from such diminution" was a certain sum; but a later finding of fact was that "the injury to the use of the said premises from the 1st day of May, 1886, until the date of the commencement of this action," resulting from the same cause, was the same sum; and which finding was followed by the judgment did not certainly appear. *Held*, that as the damages were allowed by the first finding for a period exceeding by nearly a year the time for which they were legally recoverable, and, being a general sum, were incapable of division or reduction by the court, the judgment must be reversed.

Appeal from special term, New York county.

Action by Robert C. Cornell and Edith Cornell Smith against the New York Elevated Railroad Company and the Manhattan Railway Company, for injuries to real property of plaintiffs from the construction, maintenance, and operation of defendants' elevated railroad. Defendants pleaded the statute of limitations of six years. Upon trial by the court without a jury, judgment was rendered for plaintiffs. From the judgment defendants appeal. Code Civil Proc. N. Y. § 968, provides: "In each of the following actions, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is directed: \* \* \* (2) An action of ejectment; \* \* \* for a nuisance," etc.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Davies & Rapallo*, (*Julien T. Davies* and *Arthur O. Townsend*, of counsel,) for appellants. *Elliot & S. Sidney Smith*, (*S. Sidney Smith*, of counsel,) for respondents.

DANIELS, J. The plaintiffs became the owners in the year 1873 of premises situated on the north-west corner of Greenwich and Liberty streets, in the city of New York, fronting on Greenwich street 24 feet 8½ inches, and on Liberty street 86 feet and 4 inches, and have continued to be the owners thereof from that time to the trial of the action. The New York Elevated Railroad Company completed the erection of its elevated railroad in Greenwich street in or about the year 1876, and it afterwards leased the structure to the Manhattan Railway Company, the other defendant in the action. The structure extended over the surface of the street at the height of about 14 feet therefrom, and thereby excluded the light, and interfered with the access to and from the lower portion of the plaintiffs' five-story brick building, situated upon and extending 60 feet back from the corner. The superstructure extended upwards nearly to the level of the middle of the second-story windows of the building, and the cars used in the trains of the defendants extended still higher, and above the level of the middle of the third story of the building. In the operation of the railroad the light passing through the front windows into the building was interfered with, and smoke and cinders carried into the rooms when the wind approached from an easterly direction; and it was to recover damages which had been in this manner sustained in the use and enjoyment of the plaintiffs' property, and to enjoin the further maintenance of the structure and the passage of trains upon it, that the action was brought. And by the judgment which has been recovered the plaintiffs have been awarded damages to the amount of $1,800, with interest thereon from the 15th of July, 1890, which was nearly or precisely the time of the decision of the action; and it was further adjudged that the defendants should be enjoined from maintaining or using the railway structure, and from operating trains of cars

thereon, and that the structure should be removed, unless within 30 days from the date of the judgment the defendants should pay the sum of $4,500 for the easement in Greenwich street appurtenant to the premises, together with the costs of the action and interest from the entry of judgment, upon the delivery by the plaintiffs of a conveyance and release from themselves, and any one claiming under them, conveying and releasing to the defendants the right to continue this use of the street.

At the opening of the trial an application was made to strike the cause from the special term calendar, and send it to the circuit for trial by a jury, on the ground that the defendants were entitled to such a trial of the issues; and "also upon the ground that this is in an action for a nuisance, and that the defendants are entitled to a trial by jury of the issues in such an action by the Code of Civil Procedure." The motion was denied, and the defendants excepted to its denial. In the complaint it was charged "that the trains of the said defendants make so much noise as greatly to interfere with the enjoyment of the said premises; the locomotives by which they are propelled emit foul gases, smoke, and cinders, which are a nuisance; and that by reason of the premises the value of the said property has greatly deteriorated." And that characterized the action, certainly so far as damages were claimed to be recovered for the injury to the plaintiffs' premises, as an action for a nuisance; and by subdivision 2 of section 968 of the Code of Civil Procedure the action to that extent certainly has been required to be tried by a jury. *Wheelock* v. *Lee,* 74 N. Y. 495. And this has recently been held to be the construction to which this subdivision should be subjected in *Libmann* v. *Railway Co.*, *ante*, 378, (by this general term;) and the result is that this exception is well founded. The succeeding provisions contained in the Code on the same subject contemplate that the trial before the jury shall first take place in the action; and after that has been disposed of, then the remainder of the issues are triable before the court. Code Civil Proc. § 976. It is true, while this objection was presented prior to the commencement of the trial, that the point has not been urged by the counsel upon the attention of the court. But still it is in the case, and prominently so, too, and cannot be held to have been waived or surrendered by the proceedings which subsequently took place in the action; and the court is consequently bound to give to this exception its fair and appropriate effect in the disposition of the appeals; and that can only be done by still providing the defendants with this mode of trial. It appeared that the premises in question, which included only those standing upon the land on the corner of Greenwich and Liberty streets, have been in the occupancy of tenants, and were in such occupancy at the time of the trial, under a lease extending into the year 1892; and for that reason objection was taken to the right of the plaintiffs to maintain the action. But in *Hine* v. *Railroad Co.*, *ante*, 510, (decided by this general term,) it is held that the occupancy of the premises affected by tenants interposes no legal obstacle in the way of the owner to maintain such an action for the recovery of the damages sustained by him; and there seems to be a very solid foundation for this conclusion, for, as is the fact in the present case, the rental value of the property must often be seriously injured and depreciated in consequence of the erection and use of the structure as a railway. In this instance it is quite evident that it must be attended with that effect, from the manner in which the structure has been made to occupy the street above the surface, and to affect the premises by the running of the defendants' trains upon it; and evidence was given to prove the fact, which was not contradicted in the case, that the amount of rents yielded by the premises had failed to appreciate, and were comparatively reduced, during the existence and use of this railway. Evidence was elicited from the witnesses also tending to prove the depreciation of property upon the street by this occupancy and use of it by the defendants. But it has been contended that the court at the trial erred in per-

mitting at least one witness to state his opinion as to the extent of this depreciation; and under the ruling in *McGean* v. *Railway Co.*, 117 N. Y. 219, 22 N. E. Rep. 957, and *Avery* v. *Railroad Co.*, 121 N. Y. 31, 24 N. E. Rep. 20, the answer seems to have been improperly received. But it is not necessary to hold that its effect could have been such upon the rights or obligations of the parties as to justify a reversal of the judgment on this ground; for it does appear from the finding of the court that the amount allowed for damages may have extended over a greater period of time than the law allowed to be included. By the thirty-first paragraph of the decision it was found as a fact "that the matters specified in the preceding findings of fact have diminished the rental value of plaintiffs' front building on said premises from the 15th day of July, 1883, to the time of the trial of this action, and that the damage to the plaintiffs from such diminution is the sum of eighteen hundred dollars." And from this finding it appeared that the plaintiffs' damages from the 15th of July, 1883, to the time of the trial of the action, were no more than this sum of $1,800. But under the rule as it now exists damages for that entire period could not be included in the judgment. The action was commenced on the 15th of July, 1889, which was six years from the time mentioned in this conclusion of fact, and that period therefore included all the time for which damages could be recovered in the suit. *Uline* v. *Railroad Co.*, 101 N. Y. 98, 116, 4 N. E. Rep. 536; *Manufacturing Co.* v. *State*, 104 N. Y. 562, 11 N. E. Rep. 264. By a later finding, probably inserted in the case through the inadvertence of the attorneys, it has been found that "the injury to the use of the said premises from the 1st day of May, 1886, until the date of the commencement of this action, resulting from the construction, maintenance, and operation of said elevated railway for the purposes for which the said premises were used, and in the condition in which they were, during the said period, is the sum of eighteen hundred dollars," which presents another and different basis for the recovery of this sum of $1,800; and which finding has been followed by the judgment itself does not certainly appear, the first conclusion of law declaring only that the plaintiffs are entitled to judgment for this sum of money, with interest from the time of the trial of the action, which apparently sanctions the recovery of damages sustained by the plaintiffs in consequence of this alleged nuisance in the street to the time of the trial of the suit; and that, under the authorities already cited, transcended the period by nearly one year for which damages were legally recoverable in the action. These damages are incapable of division or reduction by the court. They include but one general sum of money, and for a part of the period intended to be compensated by them they were not within the scope of the present action. The judgment should therefore be reversed, and a new trial ordered, with costs to the defendants to abide the result.

VAN BRUNT, P. J. I concur, except as to that portion of the opinion which makes the McGean decision applicable to actions of this nature.

O'BRIEN, J. I concur.