OTTINGER *v.* NEW YORK EL. R. CO. *et al.*

*(Supreme Court, Special Term, New York County.* March 16, 1891.)

1. ELEVATED RAILROADS—EASEMENTS—FRONTAGE ON TWO STREETS.
   Where property abuts on a street occupied by an elevated railroad, and extends back to a parallel street, the property having a frontage and entrance on both streets, and basements connected, so that access to either frontage can be had from the other, the owner will be entitled to compensation only for the easements of light, air, and access appurtenant to the frontage on the street occupied by the railway.

2. SAME—RENTAL VALUE—RECONSTRUCTION OF OLD BUILDING.
   The owner of a building abutting on a street occupied by an elevated railway will not be entitled to compensation for injuries to rental value during the time that the building was undergoing alterations, practically making it a new building.

Action by Clara Ottinger against the New York Elevated Railroad Company and another, to enjoin defendants from maintaining and operating their elevated railway in front of plaintiff's premises, No. 120 Pearl street, in the city of New York, and for damages sustained to the rental or usable value. The plaintiff's property extends from Pearl street to Water street, and has a frontage and entrance on both streets. The basements are connected so that any person can obtain access to the Water-Street portion from the Pearl-Street side and *vice versa.* The defendants asked the court to find, as matter of fact: "*Twenty-Third.* The building erected upon the two lots described in plaintiff's title-deeds is constructed so as to be practically separable into a Pearl-Street section and a Water-Street section." In their eighth proposed conclusion of law the defendants asked the court to rule that the only property rights taken by them were the easements of light, air, and access appurtenant to the Pearl-Street section. During the period for which plaintiff claimed damages she had taken down an old building, or had so altered and reconstructed it as to practically make it a new building.

*M. S. Isaacs,* for plaintiff. *Davies & Rapallo,* (*Charles A. Gardiner,* of counsel,) for defendants.

BARRETT, J. Judgment for the plaintiff limiting the damages and the fee value to the Pearl-Street section of the property in question, as requested in the defendants' twenty-third finding of fact and the eighth conclusion of law. The damages to this specific section are fixed from the 24th of May, 1882, down to the time of the commencement of the alterations made in the building at $650 per annum, and from the time of the completion of the alterations to the date of the trial at $800 per annum. The free value, upon payment of which the defendants may avoid the effect of the injunction hereby granted against the further trespasses upon the plaintiff's easement, is fixed at $8,000. Judgment accordingly, with costs, and an allowance of 5 per cent. to the plaintiff upon the total amount of damages awarded, but not upon the sum fixed as the fee value.