BENAJAH M. MARTIN, RESPONDENT, v. THE MANHATTAN RAILWAY COMPANY AND ANOTHER, APPELLANTS.

*Elevated railroads — rental damages not awarded for a time during which a building is in process of erection.*

In an action brought in September, 1889, by the owner of the fee of certain premises against the elevated railroads of New York city for damages and for an injunction, it appeared that the plaintiff purchased the premises in March, 1883; that after May 1, 1883, the building then upon the premises was pulled down and a new building was erected, which was completed in the following winter.

*Held,* that the rental damages must be confined to a period of six years immediately prior to the commencement of the action.

That no recovery could be had for the time during which the old building was being pulled down and the new one erected.

That as, during that period, it could not have been leased the plaintiff could not have suffered loss of rent.

APPEAL by the defendants, the Manhattan Railway Company and the Metropolitan Elevated Railway Company, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 2d day of January, 1891, after a trial at the New York Special Term, awarding damages, to the fee of the land, of $5,500, and rental damages of $2,651.59, and also an injunction unless the damages to the fee of the land were paid.

*Julien T. Davies* and *A. O. Townsend*, for the appellants.

*E. W. Tyler*, for the respondent.

ANDREWS, J.:

The rental damages allowed in this action were $2,651.59, and the fee damage was fixed at $5,500. We think there was an error in fixing the rental damages which requires a reversal of the judgment.

The action was commenced on September 17, 1889, and rental damages could be recovered in this action for a period of six years only immediately prior to that date. (*Cornell* v. *N. Y. El. R. R. Co.*, 37 N. Y. St. Rep., 624; *Hamilton* v. *Manhattan Ry. Co.*, 58 Supr. Ct. R., 22; *Kearney* v. *Metropolitan Ry. Co.*, 14 N. Y. St. R., 854.) Such rental damages were allowed from March 19, 1883, the date when the plaintiff purchased the property, and they should have been allowed from September 17, 1883, only.

We also think it was error to allow rental damages for the period during which the old building was being pulled down and the present building was being erected. Such rental damages have been refused in several cases not yet reported, but which are cited upon the brief of the appellants' counsel; and under the doctrine laid down by the Court of Appeals in the case of *Tallman* v. *Metropolitan Elevated Railway Company* (121 N. Y., 119) it is clear that such damages should not be allowed. In that case the court said: "He can recover only the damages he sustains from day to day, or from month to month, or from year to year, in the use of his lots; and the question to be determined in such an action is, how much has the rental or usable value of the lots been diminished by the construction, maintenance and operation of the railway? As a basis for estimating the damages, the lots must be taken as they are used during the time embraced in the action, and the plaintiff's recovery must be confined to the diminished rental or usable value of the lots just as they were."

The evidence in this case shows that the old building, which was on the lot when the plaintiff purchased the property, was removed, and the construction of the building now on the lot was commenced, in the summer of 1883. The new building was finished sometime during the winter of 1883–84, and during the period while it was being erected it could not have been leased, and the plaintiff could not have suffered any actual loss of rent.

It is suggested by the plaintiff's counsel that if the objections taken to the amount of rental damages should be sustained, the excessive amount could be ascertained by computation, and deducted from the judgment, and thus the necessity of a new trial be avoided. This, perhaps, might be done with reference to the amount awarded for the period from March 19, 1883, to September 17, 1883, but we cannot undertake to determine from the evidence in the case just what amount should be deducted for the period occupied by the removal of the old building and the erection of the new one.

The judgment should be reversed and new trial ordered, with costs to defendants to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment reversed and new trial ordered, with costs to defendants to abide the event.