SMITH *v.* NEW YORK EL. R. Co. *et al.*

(*Common Pleas of New York City and County, General Term.* March 7, 1892.)'

ELEVATED RAILWAYS—EASEMENTS—COMPENSATION FOR FUTURE INJURIES.

In ascertaining the sums which an elevated railway company must pay to an abutting owner for his easements taken in order to avoid an injunction against the operation of the road, future injuries, such as the discharge of smoke and noxious gases, may be considered. *Peyser* v. *Railway Co.*, 13 Daly, 122, followed. *Sperb* v. *Railway Co.*, (Sup.) 16 N. Y. Supp. 392, disapproved.

Appeal from report of referee.

Action by Julia Smith against the New York Elevated Railroad Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Davies, Short & Townsend*, (*Julien T. Davies* and *Joseph E. Lord*, of counsel,) for appellants. *Sackett & Bennett*, (*Charles Gibson Bennett*, of counsel,) for respondent.

BOOKSTAVER, J. The judgment enjoins and restrains the defendants from maintaining and using their elevated railroad in front of plaintiff's premises, 356 Ninth avenue, in the city of New York, but provides that, if the defendants shall pay or tender to the plaintiff, within a time fixed in the judgment, the sum of $1,250, with interest, as and for payment of the value of the easements in Ninth avenue attached or appurtenant to the plaintiff's premises, taken, appropriated, or interfered with by the maintenance and operation of defendants' road, and accept a conveyance of such easements in proper form, executed by the plaintiff, no injunction shall issue. The judgment also awards to plaintiff the sum of $884.80 for past damages sustained from May 19, 1882, to March 9, 1891, the date of the trial of the action, with interest from the date of the trial. It is contended that it was error to grant an injunction against the future running of trains, and to include damages for any injuries incidental thereto in fixing the sum to be paid as the value of the easements. This contention is not discussed on principle, but is based solely on the authority of *Sperb* v. *Railway Co.*, (Sup.) 16 N. Y. Supp. 392, and *American Bank-Note Co.* v. *New York El. Ry. Co.*, (N. Y. App.) 29 N. E. Rep. 302. This court in *Peyser* v. *Railway Co.*, (1885,) 13 Daly, 122, said: "All the evidence as to the darkening of plaintiff's windows by the passage of trains and the emission of smoke and steam was properly admitted. The elevated structure was built to permit the passage of these trains; and to attempt to distinguish between the obstruction of light, caused by the structure exclusively,

is not to be justified on principle. The use of the street by the locomotive trains is not a public use, except in connection with the elevated structure, and the two constitute in effect but one obstruction. It was also proper to admit evidence of the smoke and stench emitted by the engines, which compelled plaintiff's tenants to keep the windows closed. If the air from the street, which the windows were intended to admit, was not to be obtained except accompanied by the smell and smoke, and the latter one unbearable, there was as much a deprivation of the air as if a palpable barrier had been erected outside the window." The court in that case also held there could be no recovery for noise or vibration. After a careful examination, not only of the opinion of the court of appeals in the *Bank-Note Case, supra,* but also of the findings of the referee and counsel's points, we think the latter case does not overrule any of the above-stated propositions of this court, but confirms them. The twenty-seventh finding of the referee is as follows: "The interest and easement of the plaintiff in the street in front of plaintiff's premises, and the damages to the par value, as far as the maintenance of the present structure and the operation of the railroad as at present operated is concerned, as for all future damages to said plaintiff's easements, is of the value of fifty thousand dollars, of which forty-nine thousand dollars are for impairment of light, air, and access, and one thousand dollars for damages from noise." This finding was excepted to. The judgment also provides for a release to the defendants of the right to use the street in front of its premises for the maintenance of the defendants' present structure, and the operation of the defendants' railroad as now operated by the defendants, and a release from plaintiff of all future damages to be incurred by plaintiff from the maintenance of the present structure and the operation of the present railroad in front of plaintiff's premises. Defendants also requested the referee to find in that case the request contained in his eleventh proposed conclusion of law in this case, *verbatim et literatim,* which was refused, and defendants excepted; so the question under consideration was squarely raised in that case, and was argued by appellants in their brief at some length; but the court of appeals affirmed the judgment in all respects except as to the award for noise, which was disallowed, but by a divided court; three of the judges being in favor of allowing that item also. That case, as this, was in equity; and FINCH, J., who delivered the prevailing opinion, after referring to *Kane v. Railway Co.,* 125 N. Y. 164, 26 N. E. Rep. 278, in which the court held that in an action at law for the wrong done abutting owners, in which past damages only were sought, the elevated roads were liable for the noise of their trains, upon the ground that they were trespassers, proceeds to show why this should not be allowed in an equity action, where compensation is to be given for the easements interfered with or taken. In the course of the opinion on this question he said: "In the *Drucker Case,* (N. Y. App.) 12 N. E. Rep. 568, the full extent of the transformation, bringing with it the liability for damages, was sketched in these words: 'Smoke and gases, ashes and cinders, affect and impair the easement of air. The structure itself, and the passage of cars, lessen the easement of light. The drippings of oil and water, and probably the frequent columns, interfere with convenience of access.' But there is no hint of any allowable recovery beyond what *pro tanto* constituted some element of the taking. In the *Lohr Case,* (N. Y. App.) 10 N. E. Rep. 528, RUGER, C. J., was equally guarded, saying that the incidental injuries could be recovered, provided the evidence established the fact that they were destructive of the easements of light, air, and access; and these careful expressions were used, although neither case involved a question of fee damage." *Altmayer v. Railway Co.,* (Super. N. Y.) 13 N. Y. Supp. 955, *mem.,* involved the same question, and was affirmed without an opinion. In *Bohm v. Same,* (N. Y. App.) 29 N. E. Rep. 802, and *Somers v. Same,* (N. Y. App.) 29 N. E. Rep. 802, PECKHAM, J., said: "Generally, in regard to the

taking of land, the rule may be said to be to pay the full value of the land taken at its market price, and no deductions can be made from that value for any purpose whatever. Then, as to the land remaining, the question has been to some extent mooted whether the company should pay for the injury caused to such land by the mere taking of the other property, or whether, in case the proposed use of the property taken would depreciate the value of that which was not taken, such proposed use would be regarded, and the depreciation arising therefrom be awarded as a part of the consequential damages suffered from the taking. I think the latter is the true rule;" citing authorities. In the light of these cases, we think *Sperb* v. *Railway Co., supra,* (first department,) is not sustained, and a contrary conclusion was reached in that department in *Suarez* v. *Railway Co.,* (Sup.) 15 N. Y. Supp. 222, and *Malcolm* v. *Same,* Id. 973, *mem.* But, even if it could be regarded as authority, we would feel bound to follow *Peyser* v. *Railway Co., supra,* until reversed by the court of appeals.

The only other question in the case is whether damages should have been allowed on account of injuries inflicted upon the premises for a time subsequent to the commencement of the action. Appellants contend they should not. The cases cited by the appellants, as far as they have any relation to the question, are with one exception in actions at law. The rule in equity which seeks to render complete justice to the parties is otherwise. There the court allows damages up to the time of the trial. *Baptist Church* v. *Oliver St., etc., Church,* 73 N. Y. 95. See, also, *Barrick* v. *Schifferdecker,* 123 N. Y. 52, 25 N. E. Rep. 365. The judgment should therefore be affirmed, with costs. All concur.