JONES *et al.* v. NEW YORK EL. R. CO. *et al.,* (three cases.)

(*Common Pleas of New York City and County, General Term.* March 7, 1892.)

ELEVATED RAILWAYS—BENEFITS FROM STATION—SUFFICIENCY OF EVIDENCE.

Where the only evidence tending to support the contention of an elevated railway company that certain premises were benefited by the proximity of the company's station was the unsupported opinion of experts, a referee properly refused to find that the premises were benefited thereby.

Appeal from judgment on report of referee.

Action (1) by Mary Jones; (2) by Mary Jones, as executrix; and (3) by Mary Jones and others against the New York Elevated Railroad Company and another. From a judgment for plaintiff in each case defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Davies & Rapallo,* for appellants. *Sackett & Bennett,* (*Charles Gibson Bennett,* of counsel,) for respondents.

PER CURIAM. These actions were brought to restrain the defendants from the operation of their railway in front of respondents' premises Nos. 346, 348, and 350 Ninth avenue, in this city. The questions argued in the three cases are substantially the same, and may be considered together. Appellants contend that the referee erred in refusing to find that the plaintiffs' property was benefited by the increased accessibility due to the proximity of defendants' station. It is quite true that there is a station at this corner, but, after an examination of the evidence, we are not convinced that the referee erred in finding that this property had not been specially benefited by the maintenance and operation of the road and the situation of the station. There is no evidence showing that the rental value of the premises had been increased thereby. The only evidence tending to support appellants' contention is that of certain experts, who in substance testify that in their judgment the effect of the road had a tendency to increase values, because it afforded increased facilities. But the opinion was not backed by any fact on which the referee

was bound to predicate such a conclusion. Appellants also contend that the referee erred in striking out evidence on the part of the defendants. The evidence so stricken out refers to a contract relating to property on Twenty-Second street, which was signed by one of the parties, but did not go through because one of the persons interested in the premises refused to sign it. It is doubtful, in the first place, whether this was any evidence as to the fee value of property on Thirtieth street; and, in the next place, even if it were competent evidence, we do not see how the appellants were injured by its being stricken out, as the case shows that other evidence of the course of values in the immediate vicinity was freely admitted. The only other question raised on this appeal was as to the allowance by the referee of damages caused by the running of appellants' trains on their elevated railway. This has been discussed in the case of *Smith* v. *Railroad Co.*, 18 N. Y. Supp. 132, a decision in which is handed down herewith. The judgment in the three cases should therefore be affirmed, with costs to the respondents.