GILDERSLEEVE, J.
This action was brought to obtain an injunction against the further maintenance and operation of defendant’s elevated railroad, and also to recover past damages to rental values suffered by the plaintiff by reason of the defendant’s acts. When the action came on for trial, in October, 1893, the defendant admitted an estate in the plaintiff in the premises in question, and that plaintiff had suffered substantial damage. The usual injunction was thereupon granted, unless defendant condemned the property within nine months. The question of the amount of rental damages was reserved until further order. Defendant instituted condemnation proceedings, and the report of the commissioners awarding plaintiff $1,200 was filed July 28, *477 1894, confirmed ¡November 17,1894, and on December 20,1894, said award was paid; and defendant thereupon became the owner of the plaintiff’s easements in question. It is claimed by the appellant that the award upon confirmation became a liquidated debt, and that payment of the same on December 20,1894, related back to ¡November 17, 1894, the date of the confirmation, and that, hence, plaintiff was not entitled to rental damages subsequent to ¡November 17, 1894. There seems to be some authority for this contention, but we shall not now undertake to decide the point, inasmuch as the conclusion that we have reached as to the effect of an undisputed claim in the case renders it unnecessary.
The action was commenced April 15, 1891, and was tried on January 17, 1895.- The only issue in the case tried by the court below was as to the rental damages alleged to have been sustained by the plaintiff. The court awarded the pláintiff $2,545 for rental damages from April 15, 1885 (six years prior to the commencement of the action), to January 17, 1895 (the time of the trial). From the judgment entered upon that decison this appeal was taken. It needs no support of authorities to sustain the assertion that the plaintiff’s right to rental damage ceased upon defendant’s becoming owner of the easements. It is perfectly clear that not later than December 20, 1894, the easements in question became the property of the defendant. The finding of fact by the learned trial judge upon which the judgment is based is as follows (Ho. 12):
“By the maintenance and operation of said railroad from April 15, 1885, to January 17, 1895, the rental value of said premises has been damaged, with interest awarded because it is necessary for plaintiff’s compensation, in the sum of $2,545; and the plaintiff has suffered damage in that amount, through such acts of defendant.”
It therefore appears that the court awarded rental damages, subsequent to the acquisition by defendant of plaintiff’s easements, for the period from December 20, 1894, to January 17, 1895. Could we ascertain from the findings that the learned trial judge fixed the damage to the rental value for the month of December, 1894, and the month of January, 1895, at a specific sum for each of said months, we might answer the challenge to the judgment, upon the ground we are now considering, by deducting therefrom the pro rata amount for the period subsequent to the acquisition by defendant of plaintiff’s easements, and, as thus modified, affirm the judgment. But we have no such guide upon which to base a calculation. We consider the rule laid down in Martin v. Man. Railway Co., 63 linn, 350; 44 St. Rep. 543; fully supported, both by reason and authority, and as applicable to this case. The award for damages subsequent to the time that defendant became owner of the easements was an error that requires a reversal of the judgment. Having reached this eon *478 elusion, it is unnecessary to discuss other points raised hy the appellant.
Judgment appealed from should he reversed, and a new trial ordered, with costs to appellant to abide the event.
All concur.