MUNZIATO MASSO and Another, Plaintiffs, *v.* HANSCOM REALTY CORP. and HANSCOM BAKING CORP., Defendants.

Supreme Court, Special Term, Queens County, April 30, 1937.

*Frank C. Korman* [*L. E. Schlechter* of counsel], for the plaintiffs.

*Isidor Ehrman*, for the defendants.

KADIEN, J. This is an action for injunctive relief from a nuisance and for damages sustained therefrom. Plaintiffs' premises are situated on Thirty-sixth street between Thirty-fifth and Thirty-

sixth avenues in Long Island City and consist of a three-family dwelling abutting on the westerly side of Thirty-sixth street and a two-family dwelling in the rear of the lot. At the southwest corner of Thirty-fifth avenue and Thirty-sixth street and one building removed from the plaintiffs' premises, the defendant occupies a three-story concrete building in which it maintains a baking establishment. The area in question is in an unrestricted zone. On Thirty-fifth avenue, in the immediate vicinity of the defendant's building, there are business premises, factories, a public garage, a stable, several homes and vacant lots. On the side streets, such as Thirty-fifth and Thirty-sixth streets, there are to be found isolated plants devoted to business and manufacturing. In short, the vicinity is dedicated to both business and residential uses. It may be stated, in passing, that the court of its own knowledge is familiar with the locality.

The fact that the zone is unrestricted and that a portion thereof is devoted to business use does not of itself preclude the plaintiffs from relief if in fact it be found that a nuisance exists because of unreasonable use of defendant's plant. The complaint alleges and the proof discloses that the operation of trucks at the defendant's plant in the early morning hours causes considerable noise of a disturbing nature; that noises are likewise caused by revolving fans which are kept in constant operation in the windows of defendant's plant; and that noxious stenches and odors, emitted from pipes or flues, enter through the bedroom windows of the plaintiffs' buildings, causing no little annoyance to and affecting the quiet enjoyment of the premises by the plaintiffs, their families and tenants.

The defense consists of proof offered to show that the defendant's machinery is new and quieter in operation than that of larger baking companies; that the plant generally is modern in all respects and is operated in a manner calculated to inflict a minimum of annoyance to adjacent owners.

Obviously, the existence or non-existence of a nuisance cannot be determined by a rule of thumb. Whether use of property amounts to a nuisance depends upon the specific facts of a given case, and in considering the same, " Trifling results are disregarded, for the courts proceed with great caution and will not interfere with the use of property by the owner thereof unless such use is unreasonable, the injury material and actual, not fanciful and sentimental." (*McCarty* v. *Natural Carboinc Gas Co.*, 189 N. Y. 40.)

In this case, while the defendant's plant is modern and the neighborhood unrestricted, business operations must nevertheless be

conducted with due regard to the health, comfort and convenience of the plaintiffs and their tenants; to their right to reasonable rest during the night, and to their right to be free of noxious odors which produce discomfort and affect their health.

On the facts disclosed at the trial the finding of nuisance is inescapable. Accordingly, in addition to injunctive relief, the plaintiffs are entitled to damages measured by diminution of the rental value of their premises from July 1, 1936, to the date of the decree. The plaintiffs contend that the nuisance resulted in a monthly reduction of rental value in the sum of thirty-nine dollars. There has been a reduction in rental value, but it seems clear that the loss in such value has been caused, not alone by the existing nuisance, but also by general conditions prevailing in the neighborhood.' While the plaintiffs' testimony on this issue in my opinion is largely exaggerated, nevertheless sufficient proof has been adduced to form the basis of an award for loss in rental value due to the operation of the plant. The total damage thus sustained I find to be in the sum of $100.

The injury complained of herein is not of a character intrinsically permanent but, on the contrary, results merely from use to which defendant is presently putting its plant. Under such circumstances the defendant will be given the right to elect between a discontinuance of those acts which entail the results herein complained of, or payment to the plaintiff of the sum of $400. The latter sum I find to be the fair amount of depreciation in fee value to the plaintiffs' premises in the event that the nuisance continues. (See *Barrick* v. *Schifferdecker*, 123 N. Y. 52.)

There will, therefore, issue a permanent injunction restraining the continuance of the nuisance unless, in addition to the above-mentioned sum of $100, the defendant pays to the plaintiffs within a time to be specified in the judgment, the further sum of $400.

Settle findings and judgment on notice.