HAMILTON *et al. v.* MANHATTAN RY. CO. *et al.*

(*Superior Court of New York City, General Term.*    March 4, 1890.)

1. ELEVATED RAILROADS—ABUTTERS—MEASURE OF DAMAGES.

In an action to enjoin the maintenance of an elevated railroad in a street in front of plaintiff's premises, and for damages caused by its existence, the measure of damages recoverable by plaintiff for the permanent depreciation in the value of his property by the taking of his easements of light, air, and access is the value of those easements at the time of the trial, which may be shown by proof of what the property would then be worth with and without the easements.    Following *Kenkele* v. *Railway Co.,* 8 N. Y. Supp. 707.

2. SAME—LIMITATION OF ACTIONS.

In an action for damages to abutting property caused by the operation of an elevated railroad, no recovery can be had for damages which arose more than six years prior to the commencement of the action; but all damages sustained within the six years may be recovered.

3. WITNESS—EXAMINATION—HOSTILITY.

A witness may be asked questions tending to show his hostility to, or bias in favor of, one of the parties to the action, and if he denies such hostility or bias he may be contradicted by other evidence.

Appeal from equity term.

Two of four actions brought by James A. Hamilton and Edward N. Tailer, as trustees of Thomas Suffern, deceased, against the New York Elevated Railroad Company and the Manhattan Railway Company, to enjoin defendants from maintaining and operating their railway in front of their testator's premises, and for damages. The defendants appeal from a judgment entered against them in favor of the plaintiffs; and the plaintiffs appeal from those portions of the judgments in which it is adjudged "that the plaintiffs are not entitled to recover for any damages prior to May 1, 1883." May 1, 1883, is the date on which a lease that had been made after the construction of the defendants' road expired.

Argued before FREEDMAN and TRUAX, JJ.

*Burnett & Whitney*, for plaintiffs.  *Davies & Rapallo*, for defendants.

TRUAX, J.  Most of the questions that are presented on the defendants' appeal have heretobefore been decided adversely to the defendants, and a further discussion of them is unnecessary. The question presented by the exception of the defendants to the ruling of the court permitting witnesses to testify what, in their opinion, the rental value of plaintiffs' premises would have been if the defendants' railroad had not been constructed, has lately been decided by the general term of the supreme court, in the first department, adversely to the defendants. *Kenkele* v. *Railway Co.*, 8 N. Y. Supp. 707. The reasons assigned in that case, and the fact that there is plenty of evidence to sustain the finding of damage, other than that to the admission of which exceptions were taken by defendants, warrant us in overruling such exceptions, and in doing this we follow the suggestion contained in the *McGean Case*, 22 N. E. Rep. 957.

The defendants put a witness on the stand who testified that during the trial he went to the property described in the complaint, and asked to be admitted, so as to make observations; but the proprietor (Mr. O'Brien, who had been called by plaintiffs as a witness in their behalf) refused to admit him. The defendants then asked their witness to state the reasons he (O'Brien) gave. This question was objected to and excluded, and the defendants duly excepted. It was stated by defendants' counsel that the object of the question was to show the *animus* of O'Brien in the case. I have always understood the rule to be that a witness may be asked questions tending to show his hostility to, or bias in favor of, one of the parties to the action, and if he denies such hostility or bias he may be contradicted by other evidence; and such is the rule laid down in the following cases: *Long* v. *Lamkin*, 9 Cush. 361; *Atwood* v. *Welton*, 7 Conn. 66; *Starks* v. *People*, 5 Denio, 106; *Newton* v. *Harris*, 6 N. Y. 345; *Campbell* v. *State*, 23 Ala. 44; *Schultz* v. *Railroad Co.*, 89 N. Y. 242. In a civil action, says Greenleaf, a witness may be asked if he has not expressed feelings of hostility to one of the parties, and if he denies the fact he may be contradicted by other witnesses. 1 Greenl. Ev. § 450. It is true that it was said in *Schultz* v. *Railroad Co.* that it is always competent to show that a witness produced upon the trial of an action is hostile in his feelings toward the party against whom he is called to testify, or that he entertains malice toward that party, and many cases were cited in support of that proposition; but in all of the cases cited, except one, the witness whose bias was attempted to be shown either was a party to the action, or was first questioned in reference to his feeling of hostility toward the party, and such was the course of procedure in the *Schultz Case*, itself; and in the excepted case it does not appear whether the witness had or had not first been examined in regard to the alleged statement of hostility. The rule is stated in 2 Phil. Ev. 902, as follows: On the cross-examination of a witness, it will be permitted to ask him as to any vindictive expressions he may have used towards other persons, where the use of such expressions would affect the character or credit of the witness

but a witness cannot be asked as to such expressions used by another witness on other occasions than that which is the subject of the trial; such expressions being only matter for the cross-examination of the witness himself.   Stephen, in his Digest of the Law of Evidence, says, (art. 130:)   When a witness is asked, under cross-examination, certain questions, no evidence can be given to contradict him, except in the following cases:   (2) If a witness is asked any question tending to show that he is not impartial, and answers it by denying the facts suggested, he may be contradicted.   See article 10, § 177, of the draft revision of the commissioners appointed, pursuant to chapter 124 of the Laws of 1887, to revise the laws relating to evidence.   Whatever may have been the reason of the rule, it is a rule that has so long obtained in the trial of causes that it should not be disturbed by the judges; but, if wrong in principle, it should be left for the legislature to correct.   The reason of the rule, I venture to suggest, is that a witness must be examined in reference to the facts in issue, facts relevant to the issue, or facts deemed to be relevant to the issue.   The facts in issue are the facts which are affirmed on the one side and denied on the other.   A fact is relevant to the issue when it proves, or tends to prove, the existence or non-existence of a fact in issue.   Certain facts which show title, custom, motive, preparation, subsequent conduct, and explanatory statement, certain facts forming part of the same transaction of facts in issue, and certain acts of conspirators, are deemed to be relevant to the issue.   Now, the credibility of a witness is not one of the facts above referred to; but, by well-established precedent, a witness may be asked on cross-examination, and on cross-examination only, in addition to the questions above referred to, any questions which tend to test his accuracy, veracity, or credibility, or to shake his credit by injuring his character; but he cannot be compelled to criminate himself.   Steph. Dig. Ev. art. 127 and arts. 129, 120.   Witnesses have been asked questions tending to show that a party to an action has expressed feelings of hostility toward his opponent, without interrogating such party in reference thereto, and the answers to such questions have been admitted.   But such questions have been admitted because they tend to show another motive for bringing the action than the desire to enforce legal or equitable rights; and it is not necessary that the party should first have been interrogated in reference thereto, for the answers to such questions may be admitted in evidence although the party to whom they refer has not been examined as a witness.

The trial judge found, as matter of fact, in action No. 3, that prior to April 4, 1882, the premises in suit had been leased until May 1, 1883, by certain executors, predecessors in title of the plaintiffs, under which lease the tenants occupied the said premises for the said term, and that the damage to the rental value of said premises caused by the defendants from April 4, 1882, to May 1, 1883, was $500; but he found, as matter of law, that plaintiffs were not entitled to recover this sum of $500.   A like question arose in action No. 4. The right of a plaintiff to recover his damages in such a case, except so far as it may be barred by the statute of limitations, has been upheld by the general term of this court in the case of *Mortimer* v. *Railway Co.*, 8 N. Y. Supp. 536, decided February 6, 1890.   In the case at bar it is claimed, however, that, the action having been commenced April 4, 1888, the statute of limitations is a bar to any recovery for the period between April 4, 1882, and May 1, 1883; and this claim, as well as the ruling of the learned trial judge who sustained it, rests on the theory that the statute runs not from the day of the injury, but from the date of the last prior lease.   This is erroneous.   The cause of action for a continuing tort—and this is what the acts of the defendants constitute—accrues afresh from day to day, so that the statute of limitations commences to run each day against that day's damage.   No recovery can, therefore, be had for damages which arose more than six years prior to the commencement of the action.   On the other hand, all damages sustained within

the six years may be recovered. Under a lease made more than six years before the commencement of the action, but after the construction of the elevated railroads, it may be more difficult than in another case to ascertain the precise amount of damage sustained during any particular period embraced in the six years for which damages may be recovered; but that difficulty is no reason for a refusal by the court to award any damage whatever. Fortunately, the facts have been fully found, so that the judgment may be made to conform to them. *Price* v. *Price*, 33 Hun, 432. The judgments should be modified by adding to plaintiffs' damages $500 in action No. 3, and $545 in action No. 4; and, as so modified, the judgments should be affirmed, with costs. But plaintiffs should have only one bill of costs in each case, upon both appeals.