MOORE et al. v. NEW YORK EL. RY. et al.

*(Superior Court of New York City, General Term.  December Term, 1890.)*

EMINENT DOMAIN—COMPENSATION—EVIDENCE OF DAMAGES.

In action for damages to property by the erection of an elevated railroad in front thereof, evidence as to the amount of depreciation in the rental value of the property on account of the construction of the railroad is not prejudicial to defendant as being an opinion on a matter that was for the jury, where the witness also states the value of the property before and after the railroad was built.

Appeal from jury term.

Action by George H. Moore and another, as executors, against the New York Elevated Railroad Company and another. Judgment was entered on a verdict for plaintiffs, and a motion for a new trial made on the judge's minutes was denied, and defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Brainard Tolles* and *Julien Davies*, for appellants.  *A. Edward Woodruff*, for respondents.

PER CURIAM.  The learned judge was right in holding that the judgment offered in evidence by the defendants did not adjudicate concerning anything in issue in the present action.  A witness, Martine, was allowed to testify to the amount of depreciation in the rental value of plaintiffs' property due to the elevated railroad.  This was objected to by defendants on the ground that the witness was asked to give an opinion as to what the jury was to decide.  The counsel, objecting, avowed that he did not object to an opinion being given as to rental value before and after the elevated railroad was built in front of the premises.  Although the witness directly spoke as to the amount of depreciation, the answer was not injurious, for at the same time he gave the value before and after the railroad was built; the difference being the amount of depreciation he testified to.  The defendants asked that the complaint be dismissed on the ground that the plaintiff was never in possession of the premises.  This was not correct, because, if not in occupation during the terms of leases given, they were in occupation between those terms.  No questions as to damages were raised upon this basis.  It is not necessary to determine whether the recovery of interest was lawful.  No exception that would raise such a question was taken.  Judgment and order affirmed, with costs.

FREEDMAN, J.  I concur, but wish to add that under the decision of *Hamilton* v. *Railway Co.*, 9 N. Y. Supp. 313, the leases could make no difference on the question of liability.