### JONES v. METROPOLITAN EL. RY. CO. *et al.*

(*Superior Court of New York City, General Term.* May 4, 1891.)

1. DAMAGES—INADEQUATE.

In an action to recover damages to plaintiff's premises, caused by an elevated railroad, the uncontradicted evidence was that defendants' structure was about 18 feet from said premises; that there was a "switch" in front thereof; and that the engines on the track and switch, passing every few minutes, sent out smoke, steam, and cinders into plaintiff's house; and that the structure cut off a large percentage of light therefrom; and that the road had been so maintained for four years. *Held*, that a verdict for six cents damages was contrary to the evidence, and should have been set aside.

2. COSTS—ACTIONS CONCERNING LAND.

Complaint alleged title in the plaintiff to an easement in the bed of a street on which his premises abutted, and that the defendants had invaded the said easement without proceedings to condemn the same. Defendants' answer denied any knowledge or information in the premises. *Held*, that "a claim of title to real property arises upon the pleadings," within Code Civil Proc. N. Y. § 3228, so as to entitle plaintiff to costs of course on a judgment in his favor.

Appeal from jury term.

Action by James H. Jones against the Metropolitan Elevated Railway Company and others. From a judgment in favor of defendants entered on a verdict for plaintiff for six cents damages, from an order denying plaintiff's motion for a new trial on the ground that the verdict was for insufficient damages, and from an order refusing to allow plaintiff the costs of the action, plaintiff appeals.

Code Civil Proc. N. Y. § 3228, provides that "the plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor in either of the following actions: '(1) An action triable by a jury, to recover real property, or an interest in real property; or in which a claim of title to real property arises upon the pleadings, or is certified to have come in question on the trial."

Argued before SEDGWICK, C. J., and McADAM, J.

*G. L. Rives,* for appellant. *Edward C. James,* for respondents.

PER CURIAM. So far as a judgment may be affected for error upon the trial there is no reason for reversal. The damages given by the jury were, according to the testimony, insufficient, and the plaintiff was entitled to a new trial upon his motion. Section 999, Code Civil Proc. The action was for damages to the rental value of plaintiff's house, caused by the building and operation of defendants' railway along that house. The evidence in behalf of plaintiff was not contradicted. The defendants called no witnesses. The structure was about 40 feet wide, with three tracks and a track-walk on each side. It was floored over with strips of wood, with small spaces between them. The structure was distant from plaintiff's premises at one point 20 feet, and at the nearest 18.53 feet. The trains passed every few minutes, and such as ran to Rector street were switched in front of the premises. The locomotives sent out steam and smoke. It was proved that on damp days the steam sent out would occupy the entire width of the street, and hug the buildings on either side of it. It was proved by a competent witness what was the percentage of light cut off from the building by the structure and passing of the trains. The amount cut off was important. The light of the store

was diminished by the structure and the trains, and the light of the floor above was diminished by the trains and the smoke and steam sent off by locomotives in front of the house. A witness gave evidence as to the loss of rentals. Although he was an agent of the plaintiff, his testimony was uncontradicted, and there was no reason to believe that he did not testify truly. His testimony included the statement of many and different sums and quantities. It was difficult to keep the testimony in mind, and to make a rational deduction from it. In reality such a case is not one fit for submission to a jury, although the rules of law require that it should be tried by a jury. It is to be further observed that no peculiar benefit was done by defendants' road to the premises. The jury, in finding that the plaintiff had suffered in four years but six cents damages from the annoyances that have been partly described, must have neglected their duty to give effect to the testimony, however difficult and laborious the performance of the duty might be. The hardness of the task probably led to its not being thoroughly done, and the jury then must have thought that the plaintiff had not proved his case with certainty. The motion for a new trial should have been granted, and, as the charge was correct, and the defendants not at fault, (*Robbins* v. *Railroad Co.*, 7 Bosw. 1,) the costs of the trial and the costs of this appeal are ordered to be costs in the action, and to abide the event. The order denying this motion is reversed, and a new trial ordered, with costs as above stated. Upon the entering of judgment the clerk refused to tax costs for plaintiff, and taxed defendants' costs, and inserted them in the judgment. The correctness of the clerk's action depends, under section 3228, Code Civil Proc., upon whether "a claim of title in real property arises upon the pleadings." If it does, the plaintiff should have the costs. If it does not, the taxation was correct. The sixth subdivision of the complaint is that the plaintiff has certain rights in Trinity place, and that those rights constitute an easement in the bed of the street, which attaches to his said abutting property. The seventh subdivision contains the averment that the defendants have taken no proceeding to condemn the easement. The answer denies any knowledge or information sufficient to form a belief as to the allegations of the sixth paragraph of the complaint. This, of course, puts in issue the plaintiff's title to the easement, which is real estate. This is a material issue. The right of defendants to use the streets as they do use is valid, excepting that they have not given compensation to the owners of the easements that they have taken. They therefor are not liable to one not entitled to compensation,— that is, to one who is not owner. This is true, while it is also true that the wrong-doing makes the defendants liable for damages as trespassers,—that is, they are so to one who is owner of the easement. The motion for retaxation should be granted, and the order denying that motion be reversed, with $10 costs.