### ALGER *v.* NEW YORK EL. R. CO. *et al.*

*(Superior Court of New York City, General Term.   October 10, 1891.)*

**1. NUISANCE—ELEVATED RAILWAYS—LEASED PROPERTY—ACTION BY LESSOR.**

An outstanding lease constitutes no bar to the right of the lessor, or of his administrator after his death, to recover damages for the injury resulting to the leased premises from the construction and operation of an elevated railway in the street in front of them.

**2. SAME—EVIDENCE—SUFFICIENCY.**

In an action by an administrator for damages to property of his intestate resulting in the latter's life-time from the construction and operation of an elevated railway in front of the property, it is error to dismiss the complaint on the ground of plaintiff's failure to show any damage, where the lessee of the property has testified that by reason of the acts complained of he is unable to sublet the property for as large a rent as he received for it before the injury.

Appeal from jury term.

Action by Henry C. Alger, as administrator of Daniel S. Alger, against the New York Elevated Railroad Company and the Manhattan Railway Company.   The only evidence as to the damages to property sued for was that of the lessee, who testified in substance that, before the building of defendants' road in front of the premises, she had sublet the whole of the premises, but that since its construction, and owing to the darkness caused by the superstructure, the noise of operating trains, and the smoke, dust, ashes, and offensive vapors issuing from the locomotives, she could let part of the premises only at a reduced rent, and a part of them she could not let at all.   There was judgment for defendants, dismissing the complaint, and an order denying a motion for new trial, from which plaintiff appeals.

Argued before FREEDMAN and DUGRO, JJ.

*A. Edward Woodruff,* for appellant.   *Davies & Rapallo,* *(Edward C. James,* of counsel,) for respondents.

FREEDMAN, J.   The action was brought by the plaintiff as administrator of Daniel B. Alger, deceased, to recover damages caused by defendants' elevated railroad to premises No. 37 Front street, in the city of New York, owned by plaintiff's intestate in his life-time.   The action was commenced May 14, 1889, and under the pleadings and the evidence given at the trial the plaintiff, upon proper proof of damage caused by the defendants, was entitled to recover damages from May 14, 1883, to the death of Daniel B. Alger, which occurred June 7, 1887.   Under the decisions of former cases[1] the outstanding lease constituted no bar.   Consequently the only question requiring serious attention is whether the plaintiff gave sufficient evidence of damage during the period stated.   The trial judge must have been of the opinion that the plaintiff had not done so, for he dismissed the complaint upon plaintiff's own showing, and without requiring the defendants to go into a defense.   Upon a careful examination of the whole case, I am of the opinion that the plaintiff showed sufficient to entitle himself to go to the jury.   A good deal depended upon the drawing of the proper inferences.   But, inasmuch as from the facts disclosed different men of reasonable minds might have reached different conclusions, it was for the jury to determine the facts.   In *Jones* v. *Railway Co.,* (Super. N. Y.) 14 N. Y. Supp. 632, the case was submitted to the jury under an unexceptionable charge, and the jury found a verdict for the plaintiff for only six cents damages.   The general term, on plaintiff's appeal, ordered a new trial on the sole ground that the damages thus awarded for a period of four years were insufficient, and that the

[1]Mortimer v. Railway Co., (Super. N. Y.) 8 N. Y. Supp. 536; Hamilton v. Railway Co., (Super. N. Y.) 9 N. Y. Supp. 313; Moore v. Railroad Co., (Super. N. Y.) 12 N. Y. Supp. 552; Knox v. Railway Co., (Sup.) Id. 848; Conkling v. Railway Co., (Sup.) Id. 846; Macy v. Railway Co., (Sup.) Id. 804; Doyle v. Railway Co., (Com. Pl. N. Y.) Id. 548.

hardness of the task to determine the damages was no excuse for the neglect of the jury to thoroughly perform its duty.    That case, in some of its essential features, relating to the damages, was very much like the case at bar. The conclusion cannot therefore be avoided that the dismissal of the complaint constituted error.    The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.