By the Court.—Freedman, J.
The action was brought by the plaintiff as administrator of Daniel B. Alger, deceased, to recover damages caused by defendants’ elevated railroad to premises No. 37 Front Street in the city of New York owned by plaintiff’s intestate in his lifetime. The action was commenced May 14, 1889, and under the pleadings and the evidence given at the trial the plaintiff, upon proper proof of damage caused by the defendants, was entitled to recover damages from May 14, 1883, to the death of Daniel B. Alger, which occurred June 7, 1887. Under the decisions of former cases the outstanding lease constituted no bar. Consequently the only question requiring serious attention is whether the plaintiff gave sufficient evidence of damage during the period stated. The trial judge must have been of the opinion that the plaintiff had not done so, for he dismissed the complaint upon plaintiff’s own showing and without requiring the defendants to go into a defence. Upon a careful examination of the whole case I am of the opinion that the plaintiff showed sufficient to entitle himself to go to the jury. A good deal depended upon the drawing of the proper inferences. But inasmuch as from the facts disclosed different *8 men of reasonable minds might have reached different conclusions, it was for the jury to determine the facts. In Jones v. Metropolitan El. Ry. Co., 14 N. Y. Supp., 632, the case was submitted to the jury under an unexceptionable charge, and the jury found a verdict for the plaintiff for only six cents damages. The general term, on plaintiff’s appeal, ordered a new trial on the sole ground that the damages thus awarded for a period tif four years were insufficient and that the hardness of the task to determine the damages was no excuse for the neglect of the jury to thoroughly perform its duty. That case in some of its essential features relating to the damages was very much like the case at bar. The conclusion cannot therefore be avoided that the dismissal of the complaint constituted error.
The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Dugro, J., concurred.