By the Court.—Gildersleeve, J.
We will first consider the judgment herein so far as it relates to the premises No. 624 Sixth avenue. The evidence does not support the finding of a fee damage of $800. This action was commenced May 8, 1889. From the undisputed evidence it appears that the plaintiff bought the property on September 1, 1885, seven years after the railroad was built, for $32,000; that it was occupied by an old building, worth about $6,000, which plaintiff *349 pulled down; that plaintiff erected in place thereof a new building, at a cost of about $15,000; that the fair value of the property when this action was tried was at least the sum of $41,000. The appraiser for the Emigrant Industrial Savings Bank placed the value at from $40,000 to $45,000. Deducting $6,000, the value put upon the old building, from the purchase price, we find that the lot cost the plaintiff $26,000; and when we add to this sum $15,000, the cost of the new building, we find the plaintiff’s outlay for the property to be exactly $41,000. Plaintiff’s expert testified that the value of property on the block where No. 624 is located has increased much more relatively since the building of the road than corresponding property on the same block on Seventh avenue ; that the block is very desirable for business ; that the maintenance and operation of the road had made that portion of Sixth avenue, which includes the property in question, more desirable for business purposes. The only evidence that indicates any disadvantage to the plaintiff by the maintenance and operation of defendants’ structure in front of these premises is his own statement to the effect that the running trains darken the store when they pass, and that he is annoyed by cinders, smoke, and smells. We are of the opinion that a fair conclusion from all the evidence is that the special benefits accruing from the operation of the road offset any disadvantages that may exist, and that the property is worth more with the road there than it would be without it. No proof was offered as to property in localities off the line of the railroad, by way of comparison. We fail to find in the affirmative testimony any evidence that warrants a recovery by the plaintiff.
For the foregoing reasons, we think it was error for the learned referee to refuse to find, as requested, “ That the special benefit accruing to the premises known as number 624 Sixth avenue, from the mainte *350 nance and operation of the said railroad in front thereof, is equal to and offsets the disadvantages, if any, resulting from the maintenance and operation of defendants’ railway.”
The judgment herein further awards to plaintiff the sum of $1,457, and costs, as past damages, for the injuries to No. 926 Sixth avenue, and enjoins the defendants from maintaining or using their elevated railroad structure, or operating their railroad thereon, in front of said No. 926 Sixth avenue, except on the payment to plaintiff of $3,150, as the price of so mucli of the property in the street, as has been taken by defendants. The learned referee fixed the value of the easements taken from No. 926 Sixth avenue at $2,350, and the judgment fixes the amount that the defendants have the option of paying, in avoidance of the injunction, at $3,150. This latter sum is the aggregate value of the easements, as found by the referee, taken from both premises No. 926 and No. 624 Sixth avenue, located about sixteen blocks apart. The defendants are not enjoined from operating their railroad in front of No. 624 Sixth avenue. The judgment, therefore, imposes upon the defendants, in respect to the premises which were the basis for the injunction, a greater burden than the referee imposed. This is unjust and cannot be maintained upon principle or authority. The facts, however, having been fully found, this error may be cured by modifying the judgment to conform to them. Price v. Price, 33 Hun, 432; Hamilton v. Manhattan R. R. Co., 58 N. Y. Super. Ct., 17.
With regard to No. 926 Sixth avenue, we are of opinion that the evidence sustains the findings of the referee. We find no errors in the admission or exclusion of evidence that are of sufficient importance to require consideration.
For the reasons above indicated, the judgment must be modified by deducting the sum of $800, the sum *351 awarded as damages to the easements of No. 624 Sixth avenue, from the sum of $3,150, the sum required to be paid by defendants to the plaintiff, and by directing the defendants to pay to the plaintiff the sum of $2,350, only, in avoidance of the injunction; and, as thus modified, the judgment is affirmed, with costs.
Dugro, J., concurred in result.