### RICH v. MANHATTAN RY. Co. et al.

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

ELEVATED RAILROADS—INJUNCTION—DAMAGES.

A complaint which alleges an injury to several parcels of property as a whole, consequent upon the operation of an elevated railroad, does not entitle the owner to

an injunction upon a showing merely of injury to the separate parcels, but only upon a showing that their collective value is effected. *Sperb* v. *Railroad Co.*, (Super. N. Y.) 17 N. Y. Supp. 469, distinguished.

Appeal from equity term.

Action by Alexander Rich against the Manhattan Railway Company and another to restrain the operation and maintenance of defendants' railroad in front of seven parcels of property belonging to the plaintiff. From an inter-locutory judgment denying the relief, plaintiff appeals. Affirmed.

As facts the trial court found: "*Thirty - Ninth*. The enjoining of the railroad in front of any one of plaintiff's premises in Park Row, and the re-moval thereof, would cause the total cessation of the operation of the road in front of, and the removal of the same from in front of, all of the plaintiff's premises on Park Row." "*Thirty-Sixth*. The granting of an injunction re-straining the operation of the elevated railroad, as prayed for in the com-plaint, and ordering its removal from in front of all of the plaintiff's prem-ises abutting thereon, in accordance with the plaintiff's prayer for relief, would be of no pecuniary benefit to the plaintiff." "*Thirty-Third*. The gross fee value of all the plaintiff's lots of land, as described in the complaint, is greater with the elevated railroad as it is to-day than the fee value would would be if the elevated road were removed from in front of all of said buildings."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Leo C. Dessar*, for appellant.   *Brainard Tolles*, for respondents.

PRYOR, J. The action is in equity for injunctive relief,—*Shepard* v. *Rail-road Co.*, 117 N. Y. 442, 23 N. E. Rep. 30; *Lynch* v. *Railroad Co.*, (N. Y. App.) 29 N. E. Rep. 315; and to its maintenance an insurmountable bar is opposed by the fact that from the wrong complained of no substantial injury results to the plaintiff,—*Brush* v. *Railroad Co.*, (Com. Pl. N. Y.) 17 N. Y. Supp. 540; *Purdy* v. *Railroad Co.*, (Com. Pl. N. Y.) 13 N. Y. Supp. 295. But appellant insists that, though the collective value of his several proper-ties be not diminished by the presence and operation of defendants' railway, yet, since separate parcels are so injuriously affected, he is entitled, at all events, to relief as to them, because benefit to one lot cannot offset damage to another. To this contention the obvious answer is that the complaint ex-hibits but a single cause of action, alleges injury to the property as a whole, and prays an injunction for its protection as an entire and indivisible unit. Herein the case differs from *Sperb* v. *Railroad Co.*, (Super. N. Y.) 17 N. Y. Supp. 469, where several causes of action were presented, and damage claimed and relief sought in respect of each piece of property severally and distinctly. Choosing to allege damage to his lots as one and an integral piece of property, and basing his title to relief upon an assumed aggregate injury, plaintiff must abide the consequences of his election, and so fails in his action, be-cause the proof is of an aggregate benefit. *Bohm* v. *Railroad Co.*, 129 N. Y. 576, 29 N. E. Rep. 802. From the findings of the learned trial judge, it re-sults that the restraining defendants' railroad in front of any one of plain-tiff's premises would operate an injury to all his property, and this fact fur-nishes another and independent reason for refusing the injunction. We have not supposed that a benefit to the complainant gives him a title to equitable relief, nor that the injunctive power of the court will be exerted to afflict him with a loss. From the facts found the dismissal of the complaint was the correct legal conclusion. *Brush* v. *Railroad Co.*, (Com. Pl. N. Y.) 17 N. Y. Supp. 540.   Judgment affirmed, with costs. All concur.