In the Matter of the Petition of THE BROOKLYN ELEVATED RAIL-ROAD COMPANY, Appellant, Relative to Acquiring Title to Real Estate or a Right of Way on Myrtle Avenue in the City of Brooklyn and County of Kings.

JOHN FLYNN,[*] Owner of Parcel No. 26, Respondent.

*Condemnation proceedings — property described in the petition — when considered as separate lots and not as one entire lot.*

The fact that in the petition in condemnation proceedings three lots are incorporated in a single description does not make such lots a single entity or unit, if the fact be otherwise.

Whether the lots constitute a single plot or not depends upon the improvements erected upon them and the nature and character of their use, and it may depend in some cases on the ordinary use to which land in the vicinity of such lots is put.

Where there are three independent structures on the property, each lot being used and held by itself, each is to be considered as a separate plot.

APPEAL by the Brooklyn Elevated Railroad Company from that portion of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of December, 1894, which confirms the report of the commissioners of appraisal respecting parcel No. 26 and grants to the owner of said parcel costs and allowances.

*Frederick P. Delafield,* for the appellant.

*Stephen M. Hoye* and *Francis Russell Whitney,* for the respondent.

CULLEN, J.:

This is an appeal from an order confirming the award of commissioners of appraisal for damages caused by the construction and operation of an elevated railroad.

But a single point is raised on this appeal. The property of the respondent consisted of three separate and distinct but adjoining lots with stores and dwelling houses thereon fronting on Myrtle avenue, Brooklyn. The commissioners found that the value of two of these

---

[*] In list of decisions *sub nom.* "Horace Powers." — [REP.

stores had been enhanced by the construction of the road, but that the value of the third had been depreciated, and awarded therefor $500. The petitioner in its petition described the three pieces as a single parcel with a single description. The appellant insists that the property should have been treated as a whole, and that the depreciation of the one piece should have been set off against the advantage to the others.

We think not. The fact that in the petition three lots were incorporated in a single description did not make these lots a single entity or unit if the fact were otherwise. Whether they constituted a single plot or not depended on the improvements erected upon them and the nature and character of their use, and also it might depend in some cases on the ordinary use to which land in the vicinity was put. Here the evidence shows that there were three independent structures on the property, each lot used and held by itself. Each was, therefore, entitled to be considered as a separate plot.

The case of N. Y., West Shore, etc., R. R. Co. v. Le Fevre (27 Hun, 537) does not support the appellant's claim. That was the case of a dwelling with a tract of ten acres of land surrounding it, the tract divided by a highway. The court held that the case differed from that of separate city lots used independently of each other. In the case of Newman v. M. E. R. R. Co. (118 N. Y. 618) it was held that in estimating the damage done to an abutting house the jury should take into consideration any benefit to the house arising from the construction of the road. The case did not involve the right to set off benefit to one piece of property against damage to another piece. An examination of the opinion of Judge BROWN shows that the decision did not proceed on any principle of set-off, but on the ground that the injury to adjacent property not physically taken could only be the net difference between benefit and injury, and this was so held in the case of Bohm v. M. E. R. R. Co. (129 N. Y. 576), where the opinion of Judge BROWN is reviewed and approved.

The case of Rich v. N. Y. E. R. R. Co. (46 N. Y. St. Repr. 673), so far as relates to the General Term decision, is based on the ground that the plaintiff voluntarily by his complaint, treated his lots as one and an integral piece of property, and alleged but a single cause of

action therefor. Here the consolidation of the lots was made by the petitioner, not by the owner. Nor do we see any method by which the petitioner could be relieved therefrom except by the course taken in this case, *i. e.*, by proof on the hearing that there were three separate parcels. It is not necessary to discuss the correctness of the decision in the *Rich* case as it is plainly to be distinguished from that now before us.

The order and award appealed from should be affirmed, with costs and disbursements.

BROWN, P. J., and DYKMAN, J., concurred.

Order affirmed, with costs and disbursements.